[No. 9994.    Department Two.    March 9, 1912.]

The State of Washington, *Respondent*, v. Henry Ewing, *Appellant*.[1]

Indictment and Information—Variance — Materiality — Identity of Person Assaulted. It is not a material variance to allege ·an assault against Sylvia R. and to prove an assault against Sylvia E., where the defendant admitted the act and was not misled, in view of Rem. & Bal. Code, § 2061, providing that where the crime involves a private injury, it is sufficient if the information identifies the act with certainty and that an erroneous allegation as to the person injured is immaterial.

Same—Variance—Question for Court. Upon an information for an assault against Sylvia R., and proof of an assault against Sylvia E., the court may decide, as a matter of law, that there was no material variance, where it was conceded that the true name was as established by the proof, and there was no claim or evidence that the defendant had been misled by the information.

Appeal from a judgment of the superior court for King county, Gay, J., entered June 17, 1911, upon a trial and conviction of second degree assault.    Affirmed.

*Gill, Hoyt & Frye,* for appellant.

*John F. Murphy, Hugh M. Caldwell,* and *Reah M. Whitehead,* for respondent.

Fullerton, J.—The appellant was informed against for the crime of assault in the first degree, the charging part of the information being as follows:

"He said Henry Ewing, in the county of King, state of Washington, on the 11th day of April, 1911, did wilfully, unlawfully and feloniously make an assault upon one Sylvia

[1] Reported in 121 Pac. 834.

Russell with a firearm, to wit, with a revolver-pistol then and there loaded with powder and ball, which he, said Henry Ewing, then and there had and held, and did then and there wilfully, unlawfully and feloniously, with said revolver-pistol shoot at, toward and into the body of said Sylvia Russell, with intent then and there wilfully, unlawfully and feloniously to kill said Sylvia Russell."

The appellant entered a plea of not guilty to the information, was tried thereon and found guilty of assault in the second degree. From the sentence pronounced upon him, this appeal is taken. On the trial, at the close of the state's evidence in chief, the defendant moved for the dismissal of the prosecution and for a discharge, on the ground and for the reason that the accused was charged with assaulting and attempting to kill one Sylvia Russell, whereas the state's evidence tended to show that the person assaulted was Sylvia Ewing, the wife of the accused. The motion was overruled, whereupon the court proceeded with the trial, at the conclusion of which he gave, among others, the following instruction:

"The prosecuting witness is designated in the information as Sylvia Russell. Now, it is an admitted fact on this trial that her true legal name is that of Sylvia Ewing, wife of the defendant, and you are instructed that such variance in the description of the prosecuting witness is to be regarded by you as wholly immaterial in this case."

The following instructions were requested by the defendant, and refused by the court:

"I charge you that the defendant is charged with the shooting of one Sylvia Russell; and I charge you that unless the state has proven to you beyond a reasonable doubt as I shall define such a doubt to you, that Sylvia Russell was the name by which she was generally known in the neighborhood where the offense charged was committed, that you should acquit the defendant. . . .

"I charge you that the fact that the person the defendant is charged with shooting might be known by the name of Sylvia Russell only to the inmates of a residence occupied

only by herself and members of her family who resided with her, would not make her generally known by that name."

The appellant first assigns error on the refusal of the court to grant his motion to dismiss, made at the conclusion of the state's case in chief. He argues that, since he was accused of assaulting Sylvia Russell, and the proofs were that he assaulted Sylvia Ewing, there was a fatal variance between the allegations and the proof entitling him to a discharge.

Formerly, in the prosecution of offenses involving injuries to the person, it was necessary to set forth in the indictment the name of the person injured with strictness, and slight variances, if the names were not *idem sonans*, were held fatal. But the modern rule is to treat the question as one of identity, and if the offense is otherwise described with sufficient certainty to identify the act, to hold the variance immaterial, unless the misnomer actually misleads the defendant. 14 Ency. Plead. & Prac., 286. In this state such is the rule by statute. Section 2061 of Rem. & Bal. Code, is as follows:

"When the crime involves the commission of or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured or intended to be injured is not material."

No question was raised at the trial as to the identity of the act set out in the information. Indeed the defendant admitted doing the acts thought to constitute the assault and attempted to justify them; he made no contention that he was misled by the failure to insert the true name of the person assaulted in the information.

The objection to the instruction given by the court is that the court thereby took upon itself to decide a question of fact which was for the jury to decide. But the answer to this is that there was no dispute as to the fact assumed by the court. The state conceded that the legal name of the person assaulted was Sylvia Ewing, and not Sylvia Russell, and the only question that could be raised was, did this fact

mislead the defendant. As to this, as we say, there was no claim in the evidence, and the court properly assumed that the variance was immaterial.

The instructions requested were properly refused for like reasons. To give them would submit an immaterial issue to the jury.

The judgment is affirmed.

DUNBAR, C. J., MORRIS, ELLIS, and MOUNT, JJ., concur.