[No. 39165. Department Two. November 2, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. EARL WILLIAM SAWYER, *Appellant*.*

*Alan Hallowell*, for appellant (appointed counsel for appeal).

*Henry R. Dunn*, for respondent.

HAMILTON, J.—The defendant was charged with the crime of second degree burglary. Following his plea of not guilty and voluntary waiver of jury trial, he was tried before the court and found guilty. On appeal he contends that the state's evidence was solely circumstantial and insufficient to sustain the trial court's finding of guilt.

*Reported in 433 P.2d 213.

The evidence adduced at the trial reveals the following pertinent events and circumstances.

During the early morning hours of Sunday, June 12, 1966, Myklebust Department Store, located in Longview, Washington, directly across the alley from the Longview Elks Club building, was burglarized. Entry was gained through a skylight which had been covered with plywood and tar paper. The tar paper was cut and the plywood moved to provide the opening. The store safe was "punched" and a cash register was rifled. Various articles, including money, men's clothing, and several suitcases were appropriated. Exit through a rear door into the alleyway was forced from the inside.

At about 6 a.m. on the date in question, two janitors were finishing their cleaning chores in the Elks Club building and came out into the alley between the buildings. At this time they noted four suitcases sitting in the rear doorway of the department store and observed that the door was open. They investigated by moving a short distance south along the alleyway from where they observed at fairly close range—from 6 to 30 feet—a yellow and white Ford automobile with Illinois license plates, the number of which they noted, backed against an adjacent parking lot curb. The motor of the vehicle was running. There were no other automobiles in the immediate vicinity. A man was standing beside the vehicle seemingly engaged in conversation with the driver. The man, after turning to face and notice the janitors, was observed to move around the front of the automobile, at which time the janitors returned from their vantage point, one to call the police and the other to shout an inquiry into the open rear door of the department store. When one of them looked again the car was gone.

Both janitors identified the defendant as the man they had observed standing beside the automobile. They could not identify the driver of the automobile, other than to state that he had blondish hair with a crew cut, characteristics similar to that of the owner of the car—one William Machin. Neither janitor noticed anything inside the car.

During or immediately before the janitors' observations, another witness, from a point in the alley about a block north of the scene, observed a man carrying two heavy suitcases leave the rear doorway of the department store and hurriedly proceed toward and out of the southerly end of the alleyway, following which he heard an automobile drive away. He next heard a shouted inquiry and observed one of the janitors go to and look from the end of the alley. The stature of the man carrying the suitcases, as described by this witness, approximated that of the defendant.

The police arrived on the scene shortly after 6:10 a.m. The yellow and white Ford automobile was located by the police at about 11 a.m., a short distance from the defendant's apartment, which in turn was a relatively short distance from the department store (about two blocks). A knife, with traces of tar on the blade, was found in the automobile. The knife belonged to the owner of the vehicle —William Machin. No other tools adequate to "punch" the store's safe were found in the car, nor was any stolen property. A suitcase filled with stolen clothing was found by a newsboy approximately one block from the department store and defendant's apartment, respectively. Later in the day, the janitors identified the defendant as the man they had earlier observed beside the automobile from a police photograph. The defendant was apprehended the next day at his place of employment. His prior record indicated he was an experienced burglar. Further evidence revealed he was familiar with the department store building and shortly before the crime involved had been embarrassed by store personnel over a past due account.

William Machin testified that during the afternoon and evening of June 11, 1966, he and the defendant were together and visited several taverns, using his automobile for intermediate transportation. He said that both of them became quite intoxicated and when the bars closed at midnight he drove the defendant to the Machin home and then transported him to the home of Mrs. Olin, the defendant's girl friend, where he left him at about 1 a.m. Machin stated he then returned to his own home, 10 miles distant from

the Olin home, left the keys in his car and went to bed only to awaken the next morning and find his car gone, which he promptly reported as stolen.

The defendant and Mrs. Olin both avowed that the defendant arrived, in an intoxicated state, at the Olin home about 1 a.m., where he remained until after 6 a.m., when they went out together for breakfast. Thereafter, they said, they were together for a good part of the day.

In finding that the defendant burglarized Myklebust's Department Store on the night in question, the trial court accepted and gave full credence to the testimony of the witnesses placing the defendant and the Machin automobile in the near vicinity of the store and alleyway at 6 a.m. The trial court discounted and disbelieved the testimony of William Machin, Mrs. Olin, and the defendant as such pertained to the defendant's whereabouts during the early morning hours of the date in question. We, in turn, accept and are bound by the trial court's evaluation of the witnesses' credibility. *State v. Reed,* 56 Wn.2d 668, 354 P.2d 935 (1960).

On appeal, the defendant essentially contends that the circumstances described by the eye witnesses and the presence of a tar bladed knife in the Machin automobile are insufficient to (a) connect the automobile with the crime, and/or (b) establish his participation in the burglary. His presence beside an automobile in the parking lot adjacent to the store at 6 a.m., if it be a fact, he says, is as consistent with an innocent purpose as with a criminal one. In short, he asserts, it is necessary to pile inference upon inference in order to reach the ultimate conclusion that he broke and entered the store.

We cannot agree.

Direct evidence, which the trial court believed, established the following facts: (a) The store was burglarized during the night in question and a safe was "punched"; (b) entry was affected by the cutting of tar paper over a concealed skylight; (c) exit was accomplished through the rear alleyway door; (d) among other items, several suitcases containing clothing were stolen; (e) a

man resembling defendant in stature left the rear doorway with two suitcases in hand and proceeded south out of the alleyway at about 6 a.m.; (f) contemporaneously the defendant was observed beside and proceeding to enter a lone automobile with its motor running backed up in close proximity to the southerly end of the alleyway, following which the car departed; (g) the car, containing a knife with tar on the blade, and a suitcase stolen from the store were later found in the vicinity of defendant's residence; and (h) defendant was well acquainted with the physical aspects of the store building, had occasion to harbor some resentment toward the store's credit policies, and was experienced in the ways of burglary.

These facts, if accepted as true, suggest but one inference —that the defendant participated as a principal in perpetrating the crime with which he was charged. They admit of no reasonable hypothesis or theory of innocence, nor do they require the pyramiding of inference upon inference or presumption upon presumption to reach the ultimate conclusion.

We conclude that the trial court was fully warranted in determining the defendant's guilt from the evidence presented.

The judgment is affirmed.

FINLEY, C. J., DONWORTH and NEILL, JJ., and DENNEY, J. Pro Tem., concur.

January 24, 1968. Petition for rehearing denied.