[No. 41228.   Department One.   May 28, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. TILLMAN KIRK CHAPMAN, *Appellant*.*

*Jack Steinberg*, for appellant.

*Charles O. Carroll* and *Christopher J. Bell*, for respondent.

HAMILTON, J.—Defendant Tillman Kirk Chapman was charged with the crime of assault in the second degree. He pled not guilty and was tried and convicted before the superior court sitting without a jury. He appeals.

The charging part of the amended information upon which the defendant stood trial reads:

He, the said TILLMAN KIRK CHAPMAN, in the County of King, State of Washington, on or about the 18th day of February, 1969, willfully and unlawfully did make an assault upon one Otha L. Robinson, a human being, with a weapon or other instrument or thing likely to produce bodily harm and a deadly weapon as defined by RCW 9.95.040, to-wit: a pistol, said weapon then and there being held by the said TILLMAN KIRK CHAPMAN;

Briefly, the charge springs from the following events: At about 1:20 a.m., on February 18, 1969, at 23d Avenue and

*Reported in 469 P.2d 883.

Cherry Street, Seattle, Washington, three bullets from a 7.65 mm Beretta automatic pistol, the equivalent of a .32 caliber weapon, were fired through the window of the Bluebird Inn Tavern and into the back of a record player, commonly known as a juke box. The shots appeared to emanate from the passenger side of an automobile stopped in front of the tavern windows. The defendant was identified as the passenger in the vehicle, and the owner and in possession of a pistol of the caliber used.

At the time the shots were fired three men were in the tavern, the bartender, Jimmie R. Hawkins, and two customers, Madison P. Mills, and an individual known in the tavern as Xavier L. Peacock. The gentleman known as Peacock was in the line of fire and would have been hit had the bullets penetrated the juke box. All of the men were frightened and sought cover after the firing started. None of the men were personally acquainted with the defendant, although the bartender recognized him and the driver of the car as having been customers in the tavern earlier in the evening.

Police in the area heard the shots, observed the automobile speeding from the scene, overtook it and arrested defendant and the driver. The 7.65 mm pistol from which the bullets were fired was discovered in some bushes on the passenger side of the vehicle where it had been stopped by the police.

The evidence adduced at the trial amply sustains the trial court's finding that defendant was the one who fired the shots, and, on appeal, defendant does not contend to the contrary. Instead, defendant contends first that there is a fatal variance between the amended information and the proof since there was no evidence of an assault upon a person named Otha L. Robinson, and, second, that the evidence revealed defendant to be so intoxicated at the time of the shooting as to have been incapable of forming the intent requisite to the offense of assault in the second degree.

We cannot agree with either contention.

Xavier L. Peacock was unavailable as a witness. There was, however, testimony admitted at the trial indicating

that police records revealed that Otha L. Robinson and Xavier L. Peacock were one and the same person. The only evidence to the contrary was that of the other persons in the tavern at the time, who testified they only knew the alleged victim by the surname of Peacock. The trial court was entitled to believe the testimony of the police records.

Nevertheless, defendant asserts the rule to be that the name of the person purportedly assaulted, as alleged in a criminal information or indictment charging assault, is an essential element in the description of the offense, and, to avoid a fatal variance, it is necessary to show that the name alleged is one of the names by which the purported victim was known at the time of the assault. Since it is possible that a person originally known as Otha L. Robinson may have lawfully or otherwise changed his name to Xavier L. Peacock long prior to the incident here involved, defendant argues the evidence of the police records is insufficient to establish that Otha L. Robinson was one of the names by which Xavier L. Peacock was known at the time of the shooting. Thus, he contends, an essential evidentiary link is missing and the resultant variance fatal.

■ We cannot fully subscribe to defendant's statement of the rule or to his application thereof.

RCW 10.37.090 provides:

> When the crime involves the commission of, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured or intended to be injured is not material.

In applying this statute under somewhat similar circumstances and in relation to a kindred contention, we stated in *State v. Ewing,* 67 Wash. 395, 121 P. 834 (1912), at 397:

> Formerly, in the prosecution of offenses involving injuries to the person, it was necessary to set forth in the indictment the name of the person injured with strictness, and slight variances, if the names were not *idem sonans,* were held fatal. But the modern rule is to treat the question as one of identity, and if the offense is otherwise described with sufficient certainty to identify

the act, to hold the variance immaterial, unless the misnomer actually misleads the defendant.

To the same general effect *see State v. Crane,* 88 Wash. 210, 152 P. 989 (1915); *State v. Jennen,* 58 Wn.2d 171, 361 P.2d 739 (1961).

As we have heretofore indicated, defendant on this appeal makes no contention that he did not, in fact, fire the shots involved nor does he quarrel with the proposition that such actions, under the circumstances, amounted in law to an assault. Neither does he make any assertion that he was misled as to the identity of the offense described in the amended information, nor does he point to any misdirection flowing from any misnomer of the person allegedly assaulted. Although it would have been the better part of wisdom for the prosecuting attorney to have set forth both names by which the purported victim was allegedly known, we find no prejudice to the defendant in the instant case by the state's failure so to do. The variance in the names, therefore, was immaterial and nonfatal to the conviction.

The trial court further found as a fact that the defendant willfully committed the offense charged. By his second contention on appeal, defendant asserts that the evidence established that he was so intoxicated at the time of the shooting as to be incapable of forming the intent necessary to support a finding of willfulness. Therefore, he argues, he was guilty, at most, only of the offense of assault in the third degree. We disagree.

The evidence presented is inconclusive as to the amount of alcohol the defendant had consumed during the course of the afternoon and evening leading up to the shooting, and it is in conflict concerning the effect of such alcohol as he had consumed upon his ability to act, speak, and respond normally and rationally both before the occurrence and when apprehended within minutes after the event. Upon the basis of substantial, though conflicting, evidence before him the trial court was entitled to conclude, as a matter of fact, that the defendant fully knew and

164

appreciated the nature and purport of his actions and feloniously intended to fire the shots into the tavern.

█ Upon this state of the record we will not substitute our evaluation of the credibility of the witnesses nor overturn amply supported findings of fact entered by the trial court. *State v. Sawyer*, 72 Wn.2d 410, 433 P.2d 213 (1967); *Davis v. Rhay*, 68 Wn.2d 496, 413 P.2d 654 (1966); *State v. Bell*, 59 Wn.2d 338, 368 P.2d 177 (1962).

The judgment is affirmed.

HUNTER, C. J., FINLEY and STAFFORD, JJ., and HILL, J. Pro Tem., concur.