[No. 403-1.    Division One—Panel 1.    November 9, 1970.]

*In the Matter of the Welfare of* MICHAEL JOHN WILLIAMS,
*a Minor.*

MICHAEL JOHN WILLIAMS, *Petitioner,* v. KING COUNTY
SUPERIOR COURT, JUVENILE DEPARTMENT, *Respondent.*

*Miller, Howell & Watson* and *John M. Watson,* for petitioner.

*Charles O. Carroll, Prosecuting Attorney,* and *Philip Killien, Deputy,* for respondent.

PER CURIAM.—Pursuant to CAROA 57(b)(3) we review juvenile court proceedings which culminated in an adjudication that Michael John Williams was a "delinquent child" as defined by RCW 13.04.010.[1] Williams was born on July 3, 1955, and is a "juvenile" by definition of the "Juvenile Court Law," RCW 13.04.

As required by JuCR 4.1, a fact finding hearing was conducted. At his request and in compliance with JuCR 2.4(c)(2)(3), Williams was represented by a court-appointed attorney (his counsel on appeal).

---

[1]"The words 'delinquent child' mean any child under the age of eighteen years who violates any law of this state, or any ordinance of any town, city, or county of this state defining a crime or who has violated any federal law or law of another state defining a crime, and whose case has been referred to the juvenile court by any jurisdiction whatsoever."

The formal finding, which we are asked to review, is

that the child, [another named juvenile], set fire to his father's home; the child lit an entire matchbook of matches and threw them on the floor; MICHAEL JOHN WILLIAMS *aided and abetted* the arson, acting in concert with [the other juvenile]; both broke into the home for illegal purposes; the arson was committed in the course of their joint illegal entry; both intentionally failed to report the fire after it was out of control; and both were runaways, out of their parents' control at the time; . . .

(Italics ours.)

The "charge" against Williams is specified in the petition which initiated the proceedings. It is there alleged that Williams is

delinquent as defined by RCW 13.04.010 in that the child, on or about August 18, 1969, in Seattle, King County, Washington, did willfully and unlawfully commit the offense of Arson in violation of RCW 9.09.010-020; in that the child did set fire to [a designated residence] using paper and matches, and causing approximately $4,000.00 damage; . . .

Williams' three assignments of error all question the sufficiency of the evidence to permit the conclusion that he "aided and abetted" the crime of arson.

In conformance with the teaching of *In re Gault*, 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428 (1967), the juvenile court rules of this state afford a juvenile, alleged to be delinquent, many of the constitutional safeguards which surround an adult charged with a criminal offense. JuCR 4.4 requires that the "rules of evidence shall be followed . . ." and that if the charge is "delinquency, the facts alleged must be proved beyond a reasonable doubt."

█ Williams acknowledges that the juvenile court judge stated that he found proof beyond a reasonable doubt to support his finding of delinquency. But Williams would have us read the record and conclude otherwise. This we cannot do. In large measure the trial judge was required to determine the credibility of Williams and the other juvenile who testified. He did not believe that they testified

572

truthfully in all respects. We cannot substitute our judgment for his. *State v. Chapman*, 78 W.D.2d 149, 469 P.2d 883 (1970).

The judgment is affirmed.

Petition for rehearing denied November 19, 1970.