**STATE of Missouri, Respondent,**

v.

**Larry Joe NELSON, Appellant.**

**No. 25439.**

Kansas City Court of Appeals, Missouri.

Feb. 1, 1971.

L. E. Atherton, Milan, for appellant.

Marvin L. Sharp, Pros. Atty., Mercer County, Trenton, for respondent.

FLOYD L. SPERRY, Special Commissioner.

The State charged that defendant, Larry Joe Nelson, "from the first day of September, 1968, to on or about the 7th day of July, 1969, at and in the County of Mercer and State of Missouri, did—unlawfully and wilfully fail, neglect and refuse to provide, without good cause, the necessary and proper food, clothing, maintenance and support for his lawful minor children under the age of sixteen years, to-wit: Tammy Nelson, of the age of eight years; Terry Nelson, of the age of six years, and Tracy Nelson, of the age of five years, * * *". This charge is based on Section 559.353 Mo.R.S. 1969, Laws Missouri, 1965, p. 669, Section 599.351. It provides that one who violates its provisions "is guilty of a misdemeanor and upon conviction thereof shall be punished as provided by law." Section 556.270 V.A.M.S.1969 provides that whenever an offense is declared by statute to be a misdemeanor, and no punishment is prescribed by that or any other statute, the offender shall be punished by imprisonment in a county jail not exceeding one year, or by a fine of not exceeding one thousand dollars, or by both such fine and imprisonment.

The cause was tried to the court, a jury having been waived. The State presented evidence but defendant, although represented by counsel, presented no evidence, except for a letter written by defendant's counsel to complainant herein, and some checks from defendant to complainant. The court found defendant guilty as charged in the information and ordered that he be confined in county jail for thirty days, "which is suspended upon condition that defendant adequately support his said children." Defendant appeals.

For grounds of appeal defendant states that the law requires that the State prove "the necessary element of the offense including ability to support"; and that "the State did not, in the present case, prove that defendant was *financially* able to make payment of child support during the period charged * * *." (Italics supplied.) Defendant seeks reversal because of the State's failure to prove that he was "financially" able to support his children.

There was evidence from complainant, the mother of the children, to the effect that these children were born of the marriage between defendant and her; and she and defendant were divorced on October 5th, 1964; that witness has since married a Mr. Swan; that she and the children had lived in Mercer County from July 7, 1968, until the filing of this petition; that, during all of this time, until this trial, she had maintained, cared for, and supported the children; that defendant had not contributed anything to the support of the children; that, previously, he contributed $40.00 per month; that he came to her home in October, 1968, when he received a request from witness that he pay a doctor bill incurred by the children when at school; that he also owed a doctor's bill for $70.00, which was owed when the divorce was granted; that he did not pay either. She stated that defendant is able to work, but did not like to do so; that he is a bulldozer operator and receives more than ordinary labor wages; that in August, (1968) he came and wanted to take

the children for visitation; that he had been drinking; that she refused to permit him to take them because he was drinking, and had also failed to notify her, in advance, that he wanted to take the children, as was required by the divorce decree; that he has paid nothing since that date.

On cross-examination she stated that, in November, 1967, defendant first began paying child support; that he paid $40.00 per month; that he ceased paying in August, 1968.

Defendant offered in evidence, in connection with the cross-examination of Mrs. Swan, certain checks payable to Linda Swan and signed by defendant's present wife. They are all dated in 1968, as follows: Jan. 1, $40.00; Feb. 2, $40.00; Mar. 26, $40.00; April 1, $40.00; May 1, $40.00; June 3, $40.00; July 2, $40.00; July 24, $27.00; Aug. 1, $40.00. The State objected to the reception of the checks in evidence on the grounds that the evidence was not material, since defendant was not charged with failure to support his children during the period covered by the checks.

To this objection defendant's counsel answered: "That's true, but * * * *apparently they were having trouble over the custody* * * * and they are offered to show apparently there was some sort of an understanding between Mrs. Swan and the defendant as to the amounts that were being paid. * * * *"* (Italics supplied.) The court ordered the exhibits admitted "On the issue of intent, not amount. * * * *" Thereafter, defendant's counsel asked complainant if, shortly after September 1, 1968, she received a letter from counsel. She answered, "Yes." Counsel then asked if she had that letter with her. She answered, "Yes". Counsel then asked if she ever told defendant that he had no visitation rights to which she answered, "No." The State objected "to this because it is immaterial * * * *." The court said, "I'm not sure what your purpose is, * * * *" To this defendant's counsel re-

plied, "* * * one of the things essentially here is our intent, and this, I think, shows that the defendant was trying to work the thing out, their difficulties at that time." The letter marked Defendant's Exhibit No. J was offered in evidence. It is dated September 7, 1968. The State objected on the grounds that it was self-serving, "just a letter" from defendant's counsel to Mrs. Swan. Defendant's counsel answered: "It goes to the question of the defendant's intent in this, which * * * is one of the essential elements of the State. * * * *Apparently* from that letter, the whole trouble was not a refusal on his part to make the payments; *over the rights of visitation of the children* * * * I'm not saying that it's an excuse, Judge, but it goes into the matter of intent of this defendant. *We were complaining about not being able to get the children.*" The court overruled the objection and admitted the exhibit on the limited issue of intent, stating, however, that he did not think that any agreement (as to custody) which defendant might be able to show would be a defense to this charge.

We will refer to the letter as briefly as we may. It is stated therein that defendant had informed his counsel that Mrs. Swan had "refused to let him see or have the children" and told him that he had no visitation rights. "He tells me that he has not made his September payment because of your failure to cooperate but that as soon as you follow the divorce decree in permitting visitation rights or work out some agreeable compromise that he will continue to make his payment. * * * *"

At the conclusion of the State's evidence defendant moved for dismissal on the grounds that the State had failed to prove that he "is able financially to have made these payments." The statute declares a father to be guilty of a misdemeanor if he *"without good cause,* fails, neglects or refuses to provide adequate food, clothing, lodging or medical or surgical attention for his child * * * under the age of sixteen years, * * * *,"* whether or not such

child shall thereby suffer material want or destitution. (Italics supplied.) The State agrees that it has the burden of proving each essential element of the crime as defined and set out in the statute. The State also concedes that it is required to prove that defendant has *the ability* to support. It cites State v. Menkens, Mo.App., 266 S. W. 1004, where the court held that the State must prove every constituent element of the offense charged, "though it involved the proof of a negative"; that the *State must prove the ability of accused* to so provide. The State also cites State v. Arnett, Mo.App., 370 S.W.2d 169. At page 173 thereof the court held that appellate review is limited to determining whether there was sufficient evidence from which a jury could have found the results so found "beyond a reasonable doubt." It was also held that a finding of guilty in such a case could be based upon circumstantial evidence. The conviction in that case was affirmed.

However, the evidence regarding defendant's *ability* to provide adequate support for his children in this case is not nearly as strong as it was in the Arnett case. Here, the only evidence on the point comes from complainant. She stated that defendant was "able" to work but did not like to do so, but she did not *know* whether he works; "I think he does; the last I knew he was working for Lester Tipton Bulldozers, running a bulldozer." She said that, on one occasion, when he came to the home he told her that he had just come from work.

■ This testimony is not sufficient to justify a finding, beyond a reasonable doubt, that defendant had the ability to support these children. There is no evidence as to whether he actually was working during the period of time covered by the information, no evidence tending to prove that work was available to him, no evidence, except the conclusion of complainant, that he was physically able to work.

It is true that the court stated for the record that defendant was before him and that he then appeared to be physically able to work. It is also true that defendant had, *prior to September 1st, 1968,* paid $40.00 per month for support. However, all but three of these checks were drawn on Barbara Nelson's account and signed by her alone. Three bore her signature "by" defendant.

■ In the letter written by defendant's attorney, dated September 7, 1968, it is stated that defendant had not made his *September* support payment because complainant refused to comply with the divorce decree provisions as to his rights of visitation. That might be considered, in a proper case, somewhat as an admission that he was financially able to make the September, 1968, payment, but refused to do so because of complainant's conduct. However, we cannot accept this statement as a substitute for proof that defendant was able to pay and failed to do so, for no good cause. Furthermore, it applies only to the payment mentioned. We hold that there was not sufficient proof that defendant failed to furnish support *without good cause.*

The judgment should be reversed. Your Special Commission so recommends.

PER CURIAM:

The foregoing opinion by FLOYD L. SPERRY, Special Commissioner, is hereby adopted as the opinion of the Court and the judgment is reversed.

All concur.