THE STATE OF WASHINGTON, *Respondent*, v. ABBOTT FINISTER, *Appellant*.

*Malcolm L. Edwards* and *Preston L. Johnson,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney, Robert L. Burnham* and *Philip R. Short, Deputies,* for respondent.

PEARSON, J.—The defendant was convicted of the crime of nonsupport of two of his daughters, who were minors under the age of 16. On appeal he challenges the statutory rebuttable presumption found in RCW 26.20.080, *i.e.*, that failure of support is willful under RCW 26.20.030.

Defendant and his ex-wife had six children during the course of their marriage—three boys and three girls. During the period in which the violation was alleged to have occurred (January, 1967 to January, 1970) one son was in the care of the Department of Institutions, another died during the period, and the third resided with the defendant occasionally. One daughter was self-supporting, but the other two resided throughout the period with their mother (who had remarried). The conviction relates to these latter two daughters.

The evidence indicates that the defendant earned $2,298 between May 20 and August 1, 1969, and that he also had other jobs during the charging period. Other evidence indicates that the defendant paid only negligible amounts toward the support of his two minor daughters. On the record, there is substantial evidence of failure to support these children. If the presumption of willfulness is constitutional, *State v. Ozanne,* 75 Wn.2d 546, 452 P.2d 745 (1969) directs that we affirm the conviction of defendant, since the trial court found a failure to support under the test of that case and had substantial evidence upon which to base this finding. *State v. Chapman,* 78 Wn.2d 160, 469 P.2d 883 (1970).

We thus have left to decide the question of the constitutionality of the presumption embodied in RCW 26.20.080, which reads:

Proof of the abandonment or nonsupport of a wife, or the desertion of a child or children, ward or wards, or the omission to furnish necessary food, clothing, shelter, or medical attendance for a child or children, ward or wards, is prima facie evidence that such abandonment or nonsupport, or omission to furnish food, clothing, shelter, or medical attendance is wilful. The provisions of RCW 26.20.030 are applicable whether the parents of such child or children are married or divorced and regardless of any

46

decree made in said divorce action relative to alimony or to the support of the wife or child or children.

■ The challenge to this presumption was not raised in *State v. Ozanne, supra* or any other prior decision of the Supreme Court. We think that this statute is a constitutional exercise of the legislative power. Acts of the legislature must be presumed to be constitutional. *State v. Moore,* 79 Wn.2d 51, 483 P.2d 630 (1971). In a case like the present one, this is especially true. Legislative interest in providing for support of children by their parents, rather than by the public, is great when many worthy purposes call for expenditure of limited public resources. We must assume that the legislature acquainted itself with the problem before it chose to enact the legislation in question. The legislation touches an area that is not one of special judicial knowledge, nor one which is well understood by the public at large. We are, therefore, inclined to give considerable weight to the legislative judgment in this matter.

■■ It is axiomatic that the state must prove all elements of a crime beyond a reasonable doubt, if a criminal conviction is to stand. *State v. Turner,* 78 Wn.2d 276, 474 P.2d 91 (1970); *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). However, it is permissible to supply proof of some elements by use of presumptions which, if unrebutted, allow but do not compel the trier of fact to find the presumed fact on the basis of proved facts. *Leary v. United States,* 395 U.S. 6, 23 L. Ed. 2d 57, 89 S. Ct. 1532 (1969). However, *Leary* and *Turner v. United States,* 396 U.S. 398, 24 L. Ed. 2d 610, 90 S. Ct. 642 (1970) establish that a statutory presumption must fall "unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." *Leary v. United States,* 395 U.S. at 36. In this case, we think that the presumed fact does more likely than not follow from the proved fact. The defendant was shown to have earned substantial wages at one job, but he paid little or nothing to the support of his children. Testimony also shows defendant had other jobs,

but did not pay adequate support then, either. He is physically and vocationally able to work and earn substantial pay.

Additionally, we believe that the potential harm from the application of the presumption in this kind of case is slight when compared with the burden which would be placed on the state if it were required in each case of parental nonsupport to go beyond showing that the parent failed to furnish support, though *physically* and *vocationally* able to do so. The *economic* ability of a nonsupporting parent is peculiarly within that parent's knowledge. His financial income and needs are known to him and if such circumstances mitigate against willfulness it is to his benefit to bring them to light. If not, he may still remain silent. To require the state, in order to make a prima facie case of willfulness, to show the nonsupporting parent's economic ability to pay would place an undue burden upon the state which the legislature believes, and which we believe, the state should not be required to assume.

The trier of fact need not believe even the unrebutted presumed fact of willfulness. And, of course, it is always open to the defendant to excuse his conduct by any evidence available to him, though he need not do so if he so chooses. Giving due deference to the legislative wisdom and expertise in this area,[1] we are of the opinion that the challenged presumption of RCW 26.20.080 meets the constitutional test of *Leary* and *Turner*.

We hold, therefore, that where the state establishes the failure to support and that defendant is physically and vocationally able to work, application of the presumption to establish prima facie willfulness (thus permitting defendant to show, if he can, that he was economically unable to pay support) does not violate defendant's constitutional

---

[1] In *Leary v. United States*, 395 U.S. at 36, the United States Supreme Court stated: "And in the judicial assessment the congressional determination favoring the particular presumption must, of course, weigh heavily."

presumption of innocence, nor does it unconstitutionally compel him to incriminate himself.

It is also contended that under RCW 26.20.030 the stepfather has also been made liable for the support of children of his wife by prior marriage. Consequently, where the state does not establish that the children actually need support, willfulness may not be presumed.

■ We reject this contention. In the first place, *State v. Ozanne, supra* establishes that actual need for support is not an essential ingredient in the state's proof against a nonsupporting parent. In the second place, by including stepparents in the nonsupport statute, the legislature recognized that minor children in this state must be supported, even if the natural parent is unwilling or unable to do so. We refuse to accept the premise that the legislature intended by such inclusion to shift the burden of support from the natural parent to the stepparent or to furnish an excuse to the natural parent for not supporting his children. Under the statute, the burden of support is now joint and several.

Judgment affirmed.

PETRIE, C.J., and ARMSTRONG, J., concur.

Petition for rehearing denied August 2, 1971.

Review denied by Supreme Court October 5, 1971.