STATE of Missouri, Respondent,

v.

Louis Leroy BASS, Appellant.

No. 25770.

Missouri Court of Appeals, Kansas City District.

Jan. 19, 1973.

Melvin D. Benitz, St. Charles, for appellant.

Richard A. Heider, Asst. Pros. Atty., St. Joseph, for respondent.

Before SHANGLER, C. J., and PRITCHARD, CROSS, DIXON, SWOFFORD and WASSERSTROM, JJ.

PRITCHARD, Judge.

Appellant was convicted of the crime of failure to support his three minor children, aged 13, 12 and 10 years, by a verdict of a jury. Section 559.353, RSMo 1969, V.A.M.S. The jury was unable to agree upon punishment, and the court set the same at

imprisonment for one year in the County jail.

The dispositive issue on this appeal is whether the state proved all of the constituent elements of the offense, in particular whether there was a failure to make support payments for the children "without good cause" as provided in the statute, supra. The evidence bearing upon this question came from appellant's ex-wife, the mother of the children, Mrs. SyBilla May Chesser. She and appellant were first married in 1942, and two children were thereafter born who are not the subject matter of this case. On May 21, 1951, SyBilla and appellant were divorced. She thereafter married one Smith, lived with him for only 13 days, then returned to live with appellant from that date until 1960 when they again separated. The three children were born during that time, and SyBilla testified that appellant was the father of the three, she not having cohabited with or lived with any other man during that time. The two were divorced in 1965.

The amended information alleges that "from December 23, 1968 to September 2, 1969, at said County Louis Leroy Bass did then and there unlawfully and without good cause, fail, neglect and refuse to provide adequate food, clothing, shelter, medical or surgical attention for his minor children: * * *."

After the 1965 divorce, appellant did not pay support payments "good at all. They were irregular." After December 23, 1968, SyBilla, who had the children with her, received nothing by way of support payments from appellant up to September 2, 1969. "Q. Did Mr. Bass ever give you any justification for not making payments? A. I never talked to him during that time, only through my attorney."

As is apparent, the only thing in evidence is that SyBilla received no support payments from appellant between the times charged in the information. This state of the record falls far short of the flimsy evidence of ability to support, held to be insufficient, in State v. Nelson, Mo.App., 463 S.W.2d 614. There the complainant, mother of the children, testified that defendant "is able to work, but did not like to do so; that he is a bulldozer operator and receives more than ordinary labor wages; * * *", and further " * * * but she did not *know* whether he works; 'I think he does; the last I knew he was working for Lester Tipton Bulldozers, running a bulldozer.' She said that, on one occasion, when he came to the home he told her that he had just come from work." The court held, loc. cit. 463 S.W.2d 617[1], "This testimony is not sufficient to justify a finding, beyond a reasonable doubt, that defendant had the ability to support these children. There is no evidence as to whether he actually was working during the period of time covered by the information, no evidence tending to prove that work was available to him, no evidence, except the conclusion of complainant, that he was physically able to work." Cited in the Nelson case is State v. Menkens, Mo.App., 266 S.W. 1004, holding that the State must prove every constituent element of the offense charged " 'though it involved the proof of a negative'; that the *State must prove . . . the ability of the accused* to so provide." No facts are in this record which could sustain a conviction of failure to pay child support payments, having the ability to do so, as to constitute such failure to be "without just cause", as was present in State v. Roseberry, Mo.App., 283 S.W.2d 652, and State v. Williams, Mo. App., 349 S.W.2d 375. Consequently, under the authority of the Nelson case, supra, appellant's conviction cannot stand.

The judgment is reversed.

All concur.