[No. 1953-1.   Division One.   June 4, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. GARY DANIEL GODINES, *Appellant.*

*David R. Collins,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Kenneth A. Lee, Deputy,* for respondent.

FARRIS, J.—Gary Daniel Godines was charged with willfully failing to furnish necessary food, clothing, shelter and medical attendance between the dates of December 1, 1967 and May 15, 1972, to his two children who were under the

age of 16 years. A jury found him guilty of the charge. He appeals from conviction and sentence.

The record reflects that Mr. Godines made child support payments following his divorce on December 19, 1967, in the total amount of $235. Although evidence was introduced regarding his employment pattern during the marriage, no evidence was introduced on the question of whether he had any income or jobs between the dates of December 1, 1967 and May 15, 1972, or whether he was even capable of working during the period. He moved for dismissal at the conclusion of the state's case and rested without presenting any evidence. His appeal questions whether the state's evidence was sufficient to prove the charge since no evidence was introduced to prove that his failure "to furnish necessary food, clothing, shelter and medical attendance" was willful.

■■ The state must prove all elements of a crime beyond reasonable doubt if a criminal conviction is to stand. *State v. Birdwell,* 6 Wn. App. 284, 492 P.2d 249 (1972). However, as stated in *State v. Finister,* 5 Wn. App. 44, 46, 486 P.2d 114 (1971):

> [I]t is permissible to supply proof of some elements by use of presumptions which, if unrebutted, allow but do not compel the trier of fact to find the presumed fact on the basis of proved facts.

Here the state proved that the accused is the father of minor children under the age of 16 years, and that he furnished a total of $235 for food, clothing, shelter and medical attendance for those children during the charging period. The legislature provides the presumption of willfulness in RCW 26.20.080.

> Proof of the abandonment or nonsupport of a wife, or the desertion of a child or children, ward or wards, or the omission to furnish necessary food, clothing, shelter, or medical attendance for a child or children, ward or wards, is prima facie evidence that such abandonment or nonsupport, or omission to furnish food, clothing, shelter, or medical attendance is wilful.

Godines is aware of this statutory presumption but relies

upon *Finister* as authority for a requirement of a prima facie showing of willfulness. He argues that the presumption requires as a base the proven fact of physical and vocational ability. We reject this argument and affirm the conviction.

Although language in *Finister* recognizes that the state introduced evidence of the accused's physical and vocational ability to work and earn substantial pay, nothing in that decision should be read as *requiring* the state to introduce such evidence.

> To require the state, in order to make a prima facie case of willfulness, to show the non-supporting parent's economic ability to pay would place an undue burden upon the state which the legislature believes, and which we believe, the state should not be required to assume.

*State v. Finister, supra* at 47.

The presumption of willfulness is a rebuttable presumption. Proof that the accused was physically and vocationally unable to work may be introduced to rebut the presumption. Here the presumption was not rebutted. Nothing more was required to prove the charge if the jury believed the evidence.

Godines challenges the constitutionality of RCW 26.20.080. The test for determining the constitutionality of a statutory presumption is set out in *Leary v. United States,* 395 U.S. 6, 36, 23 L. Ed. 2d 57, 89 S. Ct. 1532 (1969).

> [W]e think, that a criminal statutory presumption must be regarded as "irrational" or "arbitrary," and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend. And in the judicial assessment the congressional determination favoring the particular presumption must, of course, weigh heavily.

(Footnote omitted.) This test was met. The trier of fact could reasonably conclude that a husband who was able to work during the marriage and failed to support following the marriage was more likely than not willfully failing to support.

■ The economic ability of a nonsupporting parent is peculiarly within that parent's knowledge. To require the state to prove in each case that the nonsupporting parent had the physical and vocational ability to work would defeat the statutory intent. Any such judicial interpretation of statutory enactments is precluded.

The underlying purpose inherent in the function of judicial interpretation of statutory enactments is to effectuate the objective or intent of the legislature.

*Amburn v. Daly,* 81 Wn.2d 241, 245, 501 P.2d 178 (1972). *See also Krystad v. Lau,* 65 Wn.2d 827, 400 P.2d 72 (1965).

■ Further, the absence of physical and vocational ability to work does not absolve a nonsupporting parent of the obligation to support if he has other assets that are readily available but which he willfully withholds. To require the state to prove physical and vocational ability to work, without more, is to assume that the ability to support depends for its base upon one's current earnings—a speculation that we will not make. When the state proves the obligation to support and the failure to discharge that obligation, the statutory presumption establishes prima facie willfulness. The accused may then show, if he can, that he was economically unable to discharge his obligation. Such a showing may properly include proof of a lack of physical and vocational ability to work.

Affirmed.

SWANSON, C.J., and HOROWITZ, J., concur.