**STATE of Missouri, Respondent,**

v.

**Gene R. MEHAFFEY, Appellant.**

**No. KCD 26,429.**

Missouri Court of Appeals,
Kansas City District.

March 1, 1976.

William D. Lay, Clevenger & Lay, Platte City, for appellant.

Wm. Dick Fickle, Pros. Atty., Platte City, for respondent.

Before TURNAGE, P. J., WELBORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from conviction for nonsupport of minor children, in violation of Section 559.-353, RSMo 1969, which provides: "Any man who, without good cause, fails, neglects or refuses to provide [support] * * * for his child * * * is guilty of a misdemeanor * * *." Appellant contends the evidence is insufficient to sustain the conviction, asserting "it discloses the defendant lacked the ability to provide support because of illness and inability to secure employment and through no fault of his own." The question is whether the State proved not only defendant's failure to provide support, but also that such failure was "without good cause." Affirmed.

"Generally, a parent or person in loco parentis is not criminally liable for child nonsupport where, without his fault, he

lacks the ability or means to support, or adequately support the child. The law is reasonable and does not require a parent or person in loco parentis to support the child beyond his ability and means." 23 Am. Jur.2d, Desertion and Nonsupport, § 73, p. 967. See also 67 C.J.S. Parent and Child § 92e, p. 827. This proposition is recognized in the cases under Section 559.353, supra, ·e. g., *State v. Burgoldt,* 299 S.W. 829 (Mo.App. 1927), that a conviction for nonsupport cannot stand where there is no evidence to show the defendant possessed the means with which to support his dependent. See also *State v. Miller,* 33 S.W.2d 1063 (Mo. App.1931); *State v. Young,* 273 S.W. 1106 (Mo.App.1925); *State v. Vogel,* 51 S.W.2d 123 (Mo.App.1932); *State v. Florian,* 91 S.W.2d 121 (Mo.App.1936); *State v. Barcikowsky,* 143 S.W.2d 341 (Mo.App.1940); *State v. Akers,* 287 S.W.2d 370 (Mo.App. 1956); *State v. Nelson,* 463 S.W.2d 614 (Mo. App.1971).

The last contributions toward support of his three children were made by defendant October 2, 1971. On November 3, 1971, he left his job as a building inspector for the City of Kansas City due to ill health, and had not since been offered or had any jobs he was physically capable of performing. All such conditions existed as of April 25, 1972, the date upon which willful failure to support was charged against defendant, and September 13, 1972, the date of trial to the court sitting without a jury.

Defendant and the prosecuting witness, Bonnie Mehaffey, had been married for over seventeen years prior to their separation in February, 1971, and their divorce July 27, 1972. Prior to the separation, Mrs. Mehaffey withdrew $2,320 from a joint savings account, of which $1,600 had been earned and placed in the account by her prior to the marriage and most of which had been deposited in the account by her. The divorce decree provided for child support of $17 per month per child and for alimony of $1.00 per year. Defendant was the surviving owner of bonds worth $3,750. He had bank accounts of $3,000 and $330 in his name, a house at 418 West 87th Terrace, Kansas City, Missouri, valued at $12,500, furniture, a 1971 Chevelle Malibu automobile, a school bus-camper vehicle, a 1971 pickup truck, a diamond ring valued at $1,400, and an undivided one-half interest with Mrs. Mehaffey in a house at 8008 East 82nd Street, Kansas City, Missouri. None of this property was encumbered on April 25, 1972, except for a purchase loan against the automobile, and an encumbrance on the East 82nd Street property made subsequent to April 25, 1972, for bail on the nonsupport charge.

Appellant emphasizes the evidence of his lack of employment and his poor health which makes further employment difficult as good cause to excuse his failure to support. Overlooked, however, is the evidence which showed that he had real estate, personal property, bonds, and other money, of values and in amounts constituting independent assets and means with which to provide support for his children. Being possessed of such means, defendant's failure to employ them toward the support of his children was willful and without good cause; and his failure in such circumstances justified his conviction for violation of Section 559.353, supra. " * * * the absence of physical and vocational ability to work does not absolve a nonsupporting parent of the obligation to support if he has other assets that are readily available but which he willfully withholds. To require the state to prove physical and vocational ability to work, without more, is to assume that the ability to support depends for its base upon one's current earnings * * *." *State v. Godines,* 9 Wash.App. 55, 510 P.2d 835, 837[8, 9] (1973). If the rule were otherwise, a financially successful father with substantial real and personal assets, but who is ill and unable to secure employment for a wage could be said to not have the ability to support his children, and thereby to have "good cause" not to support them.

Judgment affirmed.

All concur.