[No. 21637. Department One. March 14, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK E. TUCKER, *Appellant*.[1]

*P. L. Pendleton,* for appellant.

*John A. Sorley, Bertil E. Johnson, A. L. Lee,* and *Hilton Gardner,* for respondent.

TOLMAN, J.—Appellant was charged in justice court with the offense of neglecting and refusing to support a minor son, aged nine years. From a conviction there, he appealed to the superior court, where he was tried by a jury, which found him guilty as charged, and from a judgment on the verdict and a sentence to serve

[1]Reported in 275 Pac. 558.

six months in the county jail, he prosecutes this appeal.

The defense offered seems to be twofold.

■ Appellant and his wife, the mother of the child, were divorced some years before the date named in the complaint, and the first defense, attempted to be outlined in the opening statement to the jury, appears to be that there was an agreement between the father and mother, at or about the time the divorce decree was entered, to the effect that the mother would support the child, upon which agreement appellant relied, and that his subsequent conduct was based thereon.

The prosecution is based upon Rem. Comp. Stat., § 6908, which, so far as material here, reads:

"Every person who,

"1st: Having any child under the age of sixteen years dependent upon him or her for care, education or support, deserts such child in any manner whatever, with intent to abandon it;

"2d: Wilfully omits, without lawful excuse, to furnish necessary food, clothing, shelter, or medical attendance for his or her child or children or ward or wards; . . .

"Shall be guilty of a gross misdemeanor."

Rem. Comp. Stat., § 6910, provides that proof of abandonment, or of the omission to furnish necessary support, is prima facie evidence that such conduct was willful; but of course the presumption thus raised is rebuttable, and it would have been a good defense here to have shown that, by the agreement of the parents, the mother undertook the support of the child, had sufficient means for that purpose, and that the father relied thereon in good faith.

■ However, while we think the trial court unduly limited appellant's statement to the jury, and that proper exceptions were taken to such rulings, yet the

point is not now available, because appellant did not follow it up by the offer of proper evidence, or the offer to prove any facts tending to show an agreement of the mother to support, or his reliance on such an agreement.

On the contrary, in offering evidence, the appellant seems wholly to have abandoned the defense we have already outlined, and his proof tended to show that, at all times, he recognized his natural and legal obligation to support the child, and did advance such sums as he could obtain for that purpose. His sole defense before the jury was that of inability, because of misfortune and ill health, to earn enough to sustain himself and advance, for the child's support, any more than he did.

This was a proper defense to overcome the statutory presumption of willful misconduct, and appellant was entitled to have submitted to the jury all of his evidence which tended to show that his default was occasioned by sickness and inability to earn. Adverse rulings on the admission of evidence were not followed by offers of proof, but, in addition to medical testimony, tending to show physical incapacity to labor, a former employer was called and testified, apparently without objection, that appellant worked for him in tearing down some structure for six and one half hours only, and, though willing, he could not stand the work longer. On motion of the state, all of the testimony of this witness was stricken and the jury instructed to disregard it. This was prejudicial error which calls for a reversal.

The judgment is reversed, with instructions to grant a new trial.

HOLCOMB, FULLERTON, FRENCH, and BEALS, JJ., concur.