[No. 39794. Department Two. March 20, 1969.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT THOMAS OZANNE, *Appellant.**

*Reported in 452 P.2d 745.

*Stanley B. Allper,* for appellant (appointed counsel for appeal).

*Charles O. Carroll, Eugene F. Hooper,* and *Philip R. Short,* for respondent.

ARMSTRONG, J.†—Robert Thomas Ozanne appeals a jury verdict finding him guilty of two counts of the crime of nonsupport. Sentence was deferred for 5 years on conditions that he serve 3 months in jail and comply with the support terms of the divorce decree.

Appellant and his wife, Marion Ozanne, were divorced in 1964 after 14 years of marriage. The three children of the marriage are all minors and live with their mother. Appellant, by his own admission, has contributed a minimal amount toward the support of the children since the entry of the divorce decree. Mrs. Ozanne fixes the amount at $210. She has been supporting the children herself and is employed at a bank, taking home $334 per month.

Appellant Ozanne attended the University of Washington for 3 years and has taken sales training courses. He holds a real estate broker's license and has had experience in other types of selling, as well as limited experience as an electrician and cab driver. Prior to the time the divorce was entered appellant earned approximately $500 to $600 per month as a real estate broker. After the divorce he earned nothing for the remaining month and one-half of the year 1964. In 1965 his net income was $288.26, in 1966 it was $2,218.95, and he earned approximately $600 from January 1, 1967 to April 11, 1967. The charging period ran from November 13, 1964 to April 11, 1967 and during this time his average income was $121.50 per month. He received $1,000 in settlement of an automobile accident and paid Mrs. Ozanne only $100 out of that amount.

†Judge Armstrong is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

Appellant claims that during the charging period he was ill a great deal of the time and unable to work; that he was not properly trained to work at some of the jobs he attempted; and that his divorce was a severe emotional blow causing him to drink heavily the first year after the divorce. There was other evidence that he had complained for years about the hemorrhoids he claimed caused his disability. Evidence also showed that he had the drinking problem before his divorce.

Mrs. Ozanne stated that appellant told her that "He'd be damned if I ever saw a penny." Appellant denied that he had made this statement.

The statutes with which we are concerned in this case are:

RCW 26.20.030 Desertion or nonsupport—Penalty. (1) Every person who:

. . . .

(b) Willfully omits, without lawful excuse, to furnish necessary food, clothing, shelter, or medical attendance for his or her child or children or ward or wards; or

. . . .

(2) When children are involved under the age of sixteen years, such act shall be a felony . . . .

RCW 26.20.080 Proof of willfulness—Application of penalty provisions. Proof of the . . . omission to furnish necessary food, clothing, shelter, or medical attendance for a child or children, ward or wards, is prima facie evidence that such abandonment or nonsupport, or omission to furnish food, clothing, shelter, or medical attendance is willful.

Appellant's first assignment of error is that the state failed, as a matter of law, to prove beyond a reasonable doubt all of the elements of the crime of nonsupport. His argument is based on three premises. First, that the state failed to show that the children were in need of support by appellant; second, that the evidence clearly showed that during the charging period appellant was unable to contribute to the support of the children; and third, that his failure to contribute to the support of the children was not willful and that he has shown a lawful excuse.

■ As to the first part of appellant's argument, that the state failed to show that the children were in need of support by appellant, it is true that Marion Ozanne was supporting the children and that she was not relying on public assistance to do so. However, there is no indication that Mrs. Ozanne in any way undertook or consented to relieve appellant of his statutory duty to support the children. In a prosecution for nonsupport a prima facie showing of a violation of RCW 26.20.030 is not overcome by showing that the children are not in actual need because they are being supported by someone else. *State v. Brown*, 52 Wn.2d 92, 323 P.2d 239 (1958).

■ Appellant's next contention is that the evidence clearly showed that during the charging period he was unable to contribute to the support of the children. This is a factual issue which is to be decided by the jury, and as we stated in *State v. Jackson*, 72 Wn.2d 50, 431 P.2d 615 (1967) at 61:

> In reviewing a criminal conviction, we do not say that a court of appeals is completely devoid of power to examine the record and ascertain therefrom if the evidence in sum proves a crime and that the defendant committed it. There must be some small interstice left for the intervention of appellate jurisdiction where, despite a verdict of conviction, the whole record does not prove a crime or defendant guilty. But, notwithstanding this reservation of appellate power, the verdict of the jury remains paramount. Where there is substantial evidence to prove a crime and the defendant's commission of it, the jury is the sole and exclusive judge of the evidence and its verdict is conclusive as to the facts. *State v. Davis*, 53 Wn.2d 387, 333 P.2d 1089 (1959).

In the instant case the record disclosed that appellant was a real estate broker, and as has been pointed out, had an adequate background to aid him in earning a living. There is sufficient evidence to support the jury's verdict that appellant was guilty of the crime charged and we will not disturb their verdict.

Appellant's last contention on this point is that he did not willfully fail to contribute to the support of the children,

and since he has shown a lawful excuse he cannot be convicted of the crime of nonsupport.

As we said in *State v. Russell,* 73 Wn.2d 903, 442 P.2d 988 (1968), a willful act or omission, when used with regard to the criminal statutes making nonsupport a crime, is an absence of lawful excuse or justification on the part of the accused parent.

The state has the burden of establishing willfullness on the part of the parent and must also show that no lawful excuse for the omission exists. Under the statutes cited herein (RCW 26.20.030; RCW 26.20.080) the state meets this burden and establishes a prima facie case when it can be shown that the parent fails to furnish the requisites for support.

In *Russell,* we stated at 912:

> Thus, to meet and possibly defeat the prima facie case, the accused parent may show a lawful excuse, including a physical, vocational or economic incapacity to furnish the elements of support delineated by RCW 26.20.030. Absent a conclusive rebuttal showing of a lawful excuse, the issues so raised present factual issues for determination by the trier of the facts, as does the prima facie case absent any rebuttal by the accused.

Appellant claims, as a defense to the statutes, that he was unable, because of physical and emotional illness, to pay any greater amount of child support than he did. He claims that he was ill much of the time and could not hold down a job in the area in which he was trained, namely real estate sales, and that other jobs he attempted were unsuccessful because of his lack of training and ill health.

As pointed out in *Russell,* appellant's contention is a factual issue to be determined by the jury. Appellant's testimony, for the most part, was uncorroborated. He did not call the doctor he said had been treating him during the charging period and neither of his witnesses could substantiate his statements that he missed work frequently because of ill health. The record provides ample evidence to sustain the jury's verdict and we will not disturb it. *State v. Jackson, supra.*

Appellant's next two assignments of error deal with two of the court's instructions that were given to the jury. Appellant first assigns error to the trial court's failure to give appellant's proposed instruction No. 3. We have read the instruction given by the court relating to appellant's obligation of support and find it an entirely correct and clear statement of the law as it has been set out in *State v. Brown, supra.* Appellant's instruction, while not being erroneous, contained matters not pertinent to the case and could mislead the jury.

The second instruction to which appellant objects relates to the meaning of the term "willfully." We have examined the court's instructions on this point and that instruction proposed by the appellant. Again, we find that the instruction given by the court was a clear, concise statement of the law which in no way was prejudicial to appellant. Appellant's instruction contained nothing not found in the court's instruction and we find this assignment of error to be without merit.

■ Appellant's other assignments of error are not supported by argument in his brief and therefore will not be considered. *State v. Bell,* 59 Wn.2d 338, 368 P.2d 177 (1962); *Seattle v. Schaffer,* 71 Wn.2d 600, 430 P.2d 183 (1967).

The judgment of the trial court is affirmed.

HUNTER, C. J., HALE and McGOVERN, JJ., concur.

ROSELLINI, J., concurs in the result.

May 21, 1969. Petition for rehearing denied.