[No. 40457. Department Two. June 26, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. LEROY FRANCIS McCARTY, *Appellant*.*

*Gustav G. Kostakos*, for appellant (appointed counsel for appeal).

*Charles O. Carroll, Eugene F. Hooper*, and *Philip R. Short*, for respondent.

ROSELLINI, J.—The appellant was charged with the crime of willfully omitting to furnish necessary food, clothing, shelter, or medical attendance for his two children under the age of 16 years (RCW 26.20.030). The matter was tried to the court, which found the appellant guilty and imposed a suspended sentence, conditioned on the appellant's payment of $90 per month in the future for the support of his children.

It is urged here that there was insufficient evidence to establish the element of willfulness. As the trial judge observed in his oral decision, the defendant admitted in

*Reported in 456 P.2d 350.

open court that he had refused to support the children. The defendant testified that he was physically unable to work except at a certain job. This testimony was not corroborated by any medical testimony or other evidence that he was physically incapacitated, except that portions of two fingers on his left hand had been amputated. Tending to contradict his assertion of inability to work was the fact that, during one 12-month period, he earned approximately $4,000. He offered no evidence that all of this was required for his own support other than his own statement that he needed all of it. There was also no evidence that his physical limitations were greater at other times than during the period of employment. Nor was there evidence that he had endeavored unsuccessfully to find work at times when he was unemployed.

Under RCW 26.20.080, proof of the omission to furnish necessary food, clothing, shelter, or medical attendance for a child is prima facie evidence that such omission is willful. In this case, the prosecution not only proved the omission, but the appellant admitted it and also admitted that it was willful. There was evidence from which the trial court could conclude that the appellant had the ability to furnish support, at least during a substantial portion of the period during which he was charged with nonsupport. It was therefore justified in finding that the appellant had failed to rebut the prima facie case made by the prosecution.

In the recent case of *State v. Russell,* 73 Wn.2d 903, 908, 442 P.2d 988 (1968), we observed that, when used in a criminal statute making nonsupport a penal offense, the word willful imports an absence of lawful excuse or justification on the part of the accused parent. We said further:

Although the state has the burden of establishing willfulness as well as the absence of lawful excuse in a prosecution for the omission proscribed by RCW 26.20.030 (1) (b), *supra,* it meets that burden on a prima facie basis under the provisions of RCW 26.20.080, *supra,* when the evidence it presents reveals, directly or circumstantially, a failure on the part of a physically or voca-

tionally able parent to furnish the requisites of support. The prima facie case so established, or the presumption to which RCW 26.20.080, *supra,* gives rise, is, of course, a rebuttable one. *State v. Tucker,* 151 Wash. 218, 275 Pac. 558 (1929). Thus, to meet and possibly defeat the prima facie case, the accused parent may show a lawful excuse, including a physical, vocational or economic incapacity to furnish the elements of support delineated by RCW 26.20.030. Absent a conclusive rebuttal showing of a lawful excuse, the issues so raised present factual issues for determination by the trier of the facts, as does the prima facie case absent any rebuttal by the accused.

Here, as in that case, the trial court had the witnesses and the appellant before him and could evaluate, first hand, the weight and credibility assessable to their testimony. Discounting the appellant's claim of physical incapacity, as the trial court did and was entitled to do, the evidence amply supports the findings. Accordingly, we will not disturb them.

The judgment is affirmed.

HUNTER, C. J., HILL and NEILL, JJ., and DONWORTH, J. Pro Tem., concur.