[No. 45261.   En Banc.   May 24, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. LAURENCE
GERALD BAUER, *Appellant.*

*Anderson & Anderson* and *James E. Anderson,* for appellant.

*C. Thomas Moser, Prosecuting Attorney,* for respondent.

HOROWITZ, J.—This case concerns the constitutionality of the statutory provision for proof of the crime of wilful desertion/nonsupport, and the adequacy of the court's instructions to preserve appellant's right to due process of law.

Appellant Bauer was charged under RCW 26.20.030 with wilful desertion/nonsupport of his two minor daughters from December 1974 through August 11, 1976. Testimony at the trial showed that twin girls were born to appellant and his wife in 1972. In 1974 the Bauers separated, Mrs. Bauer retaining custody of the children. Despite Mrs. Bauer's requests for money appellant provided no financial support for the twins during the period in question. Mrs. Bauer was thus forced to apply for Aid to Dependent Children benefits. During this time appellant was aware that his wife needed money to help support the children, and was subsequently notified that she was receiving ADC benefits. He also knew that the Department of Social and Health Services was seeking a conference with him for the purpose of discussing support payments.

Appellant had a variety of useful skills which made him employable. In addition to experience as a bartender, cook, carpenter's helper and ski instructor, he had a Coast Guard license, was qualified as a marine technician, and had over 2 years' experience working on marine research vessels. Nevertheless, appellant testified, he held only low paying jobs during the period in question which did not enable him to support his daughters. He was not physically disabled, nor did he receive either welfare or unemployment benefits.

The jury found appellant guilty of wilful desertion/nonsupport of his daughters and the court entered judgment accordingly. We granted appellant's petition for direct review to examine the validity of the presumption of wilfulness created by RCW 26.20.080, and the adequacy of the trial court's instructions on this presumption. We hold the presumption is constitutional and the court's instructions, taken as a whole, were adequate to protect appellant's right to due process of law. We accordingly affirm.

Appellant was charged under RCW 26.20.030 which provides, in part, that a person who "[w]ilfully omits, without lawful excuse, to furnish necessary food, clothing, shelter, or medical attendance for his or her child . . . or children" is guilty of the crime of desertion/nonsupport. Where the children involved are under the age of 16, the offense is a felony. RCW 26.20.080 provides that proof of an omission to furnish such food, clothing, shelter or medical attendance "is prima facie evidence that such . . . omission . . . is wilful." This statute creates a permissive inference, which we may also call a rebuttable presumption, that a parent who fails to provide the required support does so wilfully.

This presumption has been said to be rebuttable by a showing of lawful excuse, such as physical, vocational, or economic incapacity. *State v. Russell,* 73 Wn.2d 903, 908, 442 P.2d 988 (1968). *See also State v. Godines,* 9 Wn. App. 55, 510 P.2d 835 (1973); *State v. Finister,* 5 Wn. App. 44, 486 P.2d 114 (1971). The rationale of these cases has been

based on the notion that, in the context of a criminal non-support statute, a "wilful" act or omission "comprehends and imports an absence of lawful excuse or justification on the part of the accused parent." *State v. Russell, supra* at 908. As discussed below, we find this doctrine in need of clarification.

██ The construction that the term "wilful" implies an "absence of lawful excuse" has the effect of compressing the phrase "wilfully omits, without lawful excuse" into a single definition of "wilful." *See State v. Russell, supra. See also State v. McCarty,* 76 Wn.2d 328, 329, 456 P.2d 350 (1969); *State v. Ozanne,* 75 Wn.2d 546, 550, 452 P.2d 745 (1969). Courts have also maintained, however, that the State must prove both wilfulness *and* the absence of lawful excuse, thereby recognizing that the two elements of the crime are distinct, and requiring the State to show not only facts of nonsupport, but of the parent's physical and vocational ability as well. *See State v. Russell, supra.* This distinction must be maintained in order to give effect to each word of the statute, a requirement of one of the most basic rules of statutory construction. *See Hayes v. Yount,* 87 Wn.2d 280, 290, 552 P.2d 1038 (1976); *Snow's Mobile Homes, Inc. v. Morgan,* 80 Wn.2d 283, 288, 494 P.2d 216 (1972). *See also* 2A C. Sands, *Sutherland's Statutes and Statutory Construction* § 46.06 (4th ed. 1973). We conclude that while proof of the crime must necessarily involve proof of lack of lawful excuse, the element of wilfulness must be kept separate and distinct and should not be defined solely in terms of the lack of lawful excuse.

With this in mind, we must reexamine RCW 26.20.080, the statute of which appellant complains. It provides that proof of "omission to furnish necessary food, clothing, shelter, or medical attendance for . . . children . . . is prima facie evidence that such . . . nonsupport, or omission . . . is wilful." This definition of prima facie evidence relates only to the state of mind element of the crime, wilfulness. Its effect is to create a presumption of a wilful state of mind by proof of actual omission to provide support. This

presumption of wilfulness may be rebutted by a showing of the absence of a wilful state of mind.

The statute does not, however, create a presumption of the absence of lawful excuse by such proof. In order to make a prima facie case regarding this separate element of the crime, the State must introduce evidence that the accused parent is physically and vocationally able. Evidence of lawful excuse may be introduced by the accused as a matter of defense regarding this second element. Such evidence does not tend to rebut the presumption of wilfulness, however, which is a separate and distinct element of the crime.

We come, then, to the question of the constitutionality of the presumption created by RCW 26.20.080. The statute is an aid in the difficult process of trying to prove the existence of a state of mind. The legislature is limited in creating such evidentiary aids, however, by a defendant's due process rights. This court has recently given close attention to the problem of presumptions in criminal statutes, and devised a strict, 3–part test of the constitutionality of such presumptions. *State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977). We hold that RCW 26.20.080 meets this test.

The first and most fundamental aspect of the test of a criminal presumption is that the State must ultimately bear the burden of establishing each element of an offense by proof beyond a reasonable doubt. Thus, even though a presumption may be used to shift the initial burden of producing evidence regarding an element of the crime to the defendant, it may not operate to relieve the prosecution of its burden of persuasion on that element by proof beyond a reasonable doubt. *Mullaney v. Wilbur,* 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975); *State v. Roberts, supra.*

In this case the statutory presumption of wilfulness raised by proof of nonsupport may place the burden on a defendant to come forward with evidence that such nonsupport was not wilful, but it cannot relieve the State of its burden to establish that the omission *was* wilful by proof beyond a reasonable doubt. RCW 26.20.080 does not on its

face relieve the State of that burden. Nor did the trial court's interpretation of the statute do so. The court correctly instructed the jury regarding the elements of the crime, and specifically stated the prosecution must prove each element beyond a reasonable doubt. We conclude the presumption meets this first part of the constitutional test.

The second part of the test is that the fact presumed must follow from the facts proven in support thereof beyond a reasonable doubt. *State v. Roberts, supra* at 341; *State v. Alcantara,* 87 Wn.2d 393, 552 P.2d 1049 (1976); *State v. Odom,* 83 Wn.2d 541, 520 P.2d 152 (1974). In determining whether the presumption has such a factual basis, a court may look to common experience and knowledge as well as a broad range of empirical data. *State v. Roberts, supra; State v. Alcantara, supra* at 398–99. We may also look to the facts proven in the particular case to determine whether the presumed fact follows beyond a reasonable doubt from the evidence actually introduced. *State v. Alcantara, supra.*

Under RCW 26.20.080 the fact presumed is wilfulness, and the facts shown in support thereof are those of an omission to furnish certain necessary support for children. Obviously much depends on the meaning to be given the word "wilful". As pointed out above, this term has been said to imply an absence of excuse or justification. Yet a definition of "wilful" as a lack of lawful excuse fails to give effect to all the words of the statute. In order to give full effect to the statutory language, then, a different definition of "wilful" is required.

The term "wilful" has been given many meanings. It is often used to denote an act which is voluntary or knowing. *See United States v. Murdock,* 290 U.S. 389, 394, 78 L. Ed. 381, 54 S. Ct. 223 (1933). The key to judicial construction of the term, however, lies in its legislative context. *See United States v. Murdock, supra* at 395; *Laffey v. Northwest Airlines, Inc.,* 567 F.2d 429, 459 (D.C. Cir. 1976). We find it significant that RCW 26.20.030, the nonsupport statute, includes the element of a lack of lawful excuse. Were the

statute to prohibit simply wilful omissions to provide support, we should find it necessary to construe some element of malice or, at least, recklessness, in the term "wilful". The additional element of lack of lawful excuse, however, suggests that no such malice need be found in the element of wilfulness. The focus of the statute is on the lack of a lawful excuse. Any malice on the part of the parent is irrelevant. The intent of the legislature thus appears to be to punish those parents who knowingly fail to support their children where they have no lawful excuse, such as economic inability, for doing so. The focus is not on the parent's malicious state of mind, but rather on their knowing conduct and lack of excuse.

Such an interpretation is consistent with the legislature's later definition of the term "wilful" for the purposes of the recently enacted criminal code. Pursuant to RCW 9A.08.010 the requirement of wilfulness is satisfied if a person acts knowingly with respect to the material elements of the offense. We find this definition accords with the intent of the legislature in the nonsupport statute. We therefore conclude that the proper construction of the term "wilful" as used in RCW 26.20.030 and .080 is "with knowledge of the needs of children for food, clothing, shelter and medical attendance, and of one's failure to provide support for meeting those needs."

Employing this definition, does the presumed fact of wilfulness follow beyond a reasonable doubt from the facts shown in support thereof—that is, from facts of the omission to furnish the necessary food, clothing, shelter or medical attendance? Common experience and knowledge show that it does. It is common knowledge that children require food, clothing, shelter and medical attendance. When the parent of a child fails to provide money for these necessities, common sense and experience dictate that the parent knows both that the child has such needs, and that he or she is failing to provide for them. Furthermore, the facts proven at appellant's trial support a presumption of wilful-

ness beyond a reasonable doubt as well. The State introduced evidence showing appellant was aware of his children's needs, knew he was required by law to provide support, and that he did not in fact provide any such support. The conclusion that appellant knowingly refrained from making support payments does appear to follow beyond a reasonable doubt. We conclude the presumption also meets the second part of the constitutional test.

We note that the trial court in this case defined the term "wilfully" as "intentionally, deliberately and/or designedly" as opposed to "accidentally, inadvertently, or innocently." No error is assigned to this instruction. We note, however, that it is not inconsistent with the definition we have set out. Moreover, even if the jury had understood the term "wilfully" to mean "with intent not to provide support," the evidence in this case is more than sufficient to support the conclusion that appellant did not intend to support his children. The trial court's definition of "wilfully" could not have affected the validity of the presumption as applied in this case.

The third aspect of the test of a presumption's constitutionality is whether the instruction or instructions presenting the presumption to the jury accurately describe the operation of a presumption. The rule in this state is that a presumption allows, but does not require, a jury to infer the presumed fact from proof of the operative fact. *State v. Odom, supra* at 544–45. A statutory criminal presumption may thus be characterized as a permissive inference, since the jury is free to reject the presumed fact if it chooses. *See Mullaney v. Wilbur, supra* at 703 n.31. The instruction given must be adequate to inform the jury that a presumption is not conclusive. *State v. Bishop,* 90 Wn.2d 185, 189–90, 580 P.2d 259 (1978); *State v. Roberts, supra* at 341.

In this case the jury was instructed that proof of the defendant's omission to furnish support is prima facie evidence that the omission was wilful, and is sufficient "to raise a presumption of fact or establish the fact in question

[wilfulness] unless rebutted." The jury was also instructed that the State must prove each element of the crime by proof beyond a reasonable doubt and that the presumption of a defendant's innocence continues until the jury finds it has been overcome by evidence beyond a reasonable doubt. Even though the trial court did not explicitly instruct the jury that the presumption of wilfulness is not conclusive, its other instructions made it clear that the jury was not bound by the presumption. The very use of the statutory language "prima facie evidence" is sufficient to suggest the presumption is not conclusive. We hold the instructions were adequate to inform the jury of the nonconclusive nature of the presumption. *See State v. Bishop, supra; State v. Vandiver,* 21 Wn. App. 269, 584 P.2d 978 (1978).

We note that the language of RCW 26.20.080 itself does not require an instruction that a presumption is created. An instruction that proof of omission to provide certain support may be taken as evidence of wilfulness, which the jury is free to accept or reject, and that the State bears the burden of proving wilfulness beyond a reasonable doubt, would seem to be totally adequate. The parties in this case have neither briefed nor argued this point, however, and it is neither appropriate nor necessary for us to reach it. *See Herberg v. Swartz,* 89 Wn.2d 916, 578 P.2d 17 (1978). We merely note that the language of the statute does not appear to require an instruction in terms of a presumption.

■ Having concluded the statutory presumption of RCW 26.20.080 is sound on its face and as applied in this case, we turn finally to instruction No. 9, to which appellant assigns error. The first paragraph of that instruction accurately summarizes the provisions of RCW 26.20.080 and is unobjectionable. The second paragraph, however, states that the presumption of wilfulness may be rebutted by proof of lawful excuse. As noted above, the presumption of wilfulness is in fact rebuttable by a showing of the absence of a wilful state of mind. In this case, however, the erroneous instruction could not have affected the final out-

come of the case. *See State v. Wanrow,* 88 Wn.2d 221, 237, 559 P.2d 548 (1977). The State introduced ample evidence of appellant's wilfulness and of his physical and vocational ability to support his children. Appellant introduced rebutting evidence on both points. The jury clearly did not believe appellant's evidence created a reasonable doubt on either point, since it was clearly instructed that the State must prove both wilfulness and lack of lawful excuse by proof beyond a reasonable doubt.

The judgment is affirmed.

UTTER, C.J., and ROSELLINI, STAFFORD, WRIGHT, BRACHTENBACH, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.