[No. 48961–1. En Banc. April 28, 1983.]

THE STATE OF WASHINGTON, *Appellant*, v. DANIEL
ALLEN HILT, *Respondent*.

*Norm Maleng, Prosecuting Attorney,* and *Kurt P. Her-
manns, Deputy,* for appellant.

*Michael Filipovic* and *Miriam Schwartz* of *Seattle–King
County Public Defender Association,* for respondent.

BRACHTENBACH, J.—Respondent was charged with second degree burglary. He was released pursuant to court order, conditioned upon his subsequent appearance at a September 23, 1980, omnibus hearing. Hilt did not appear at that hearing, but eventually appeared before the King County authorities in July of 1981. On August 4, 1981, the King County prosecutor filed an amended information charging Hilt with both second degree burglary, RCW 9A.52.030, and bail jumping, RCW 9A.76.170.

The trial court held pretrial hearings regarding the constitutionality of the bail jumping statute. The court found the last sentence of the statute unconstitutional and ultimately entered an order terminating the case. The State appealed.

We are asked to decide whether Washington's bail jumping statute is constitutional. The statute provides:

> Any person having been released by court order or admitted to bail with the requirement of a subsequent personal appearance before any court of this state, and who knowingly fails without lawful excuse to appear as required is guilty of bail jumping. Unless otherwise established, the failure to appear when required shall be inferred to have been without lawful excuse.

RCW 9A.76.170. This statute defines the crime of bail jumping to include three elements: (1) that an individual was released from custody with a requirement of a subsequent personal appearance before a court; (2) that he knowingly failed to appear as required; and (3) that such failure to appear was without lawful excuse. *State v. Primrose*, 32 Wn. App. 1, 3, 645 P.2d 714 (1982). The term "without lawful excuse" was not defined in the statute, but the lack of such excuse shall be inferred, "unless otherwise established." RCW 9A.76.170.

This court consistently has applied strict constitutional standards to ensure definitive language in criminal statutes. An early void–for–vagueness decision provides the general rule:

> To be consistent with due process, a penal statute or

ordinance must contain ascertainable standards of guilt, so that men of reasonable understanding are not required to guess at the meaning of the enactment.

*Seattle v. Drew,* 70 Wn.2d 405, 408, 423 P.2d 522 (1967). This basic principle, that citizens are entitled to be informed of what the State commands or forbids, eventually was supplemented by the notion that "vague laws permit arbitrary arrests and convictions." *Bellevue v. Miller,* 85 Wn.2d 539, 543–44, 536 P.2d 603 (1975). Thus, there are dual due process considerations in analyzing potentially vague statutes: notice to citizens and possible arbitrary enforcement. *Papachristou v. Jacksonville,* 405 U.S. 156, 31 L. Ed. 2d 110, 92 S. Ct. 839 (1972); *Seattle v. Pullman,* 82 Wn.2d 794, 797, 514 P.2d 1059 (1973); Amsterdam, *Federal Constitutional Restrictions on the Punishment of Crimes of Status, Crimes of General Obnoxiousness, Crimes of Displeasing Police Officers, and the Like,* 3 Crim. L. Bull. 205, 220–23 (1967).

This court has applied these policy considerations to various types of statutes. Initially, loitering statutes were challenged and found unconstitutional because the words "loiter" or "wander", in a lay person's usage, do not always connote unlawful activity. *Seattle v. Drew, supra* at 408–10. The court reasoned that a citizen had no means of distinguishing between innocent or criminal loitering. *Seattle v. Drew, supra* at 410; *accord, Seattle v. Pullman, supra.* This court subsequently held that qualifying the words "wandering and prowling" with a requirement that the suspect manifest an "unlawful purpose" did not save a statute from a vagueness challenge because it still required or permitted *ad hoc* determinations of criminality. *Bellevue v. Miller, supra* at 545. Similar considerations resulted in this court's holding a Seattle city ordinance unconstitutional because the words "lawful order" were "not sufficiently specific to inform persons of reasonable understanding of what conduct is proscribed." *Seattle v. Rice,* 93 Wn.2d 728, 731, 612 P.2d 792 (1980). In the present case, the phrase "lawful excuse" is similar to "lawful order" and suffers from similar

defects.

Also, this court very recently struck down the "obstructing a public servant" statute, RCW 9A.76.020, in part because of the inherent vagueness of the words "lawful excuse." *State v. White,* 97 Wn.2d 92, 96–101, 640 P.2d 1061 (1982). The court found the statute defective because of lack of notice as to required or forbidden activities as well as encouraging arbitrary enforcement. *State v. White, supra* at 99. In terms of the specific problems with the phrase "lawful excuse", the majority stated:

> Likewise, the term "lawful excuse" is nowhere defined in RCW Title 9A, and a citizen who is being questioned must necessarily guess as to whether his claim of privilege not to answer under the Fifth Amendment or pursuant to any other case or statutory exemption will be a "lawful excuse".

*State v. White, supra* at 100. The bail jumping statute is equally deficient in terms of providing guidelines to the meaning of lawful excuse. The phrase is nowhere defined and predicting its potential application would be a guess, at best. We therefore hold that the bail jumping statute is unconstitutionally vague.

In addition to the vagueness issues, respondent argues that the statute is unconstitutional because it shifts the burden of proof on an element of the crime to the defendant. *In re Winship,* 397 U.S. 358, 364, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970); *Sandstrom v. Montana,* 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450 (1979). Specifically, the language "unless otherwise established" and "shall" in the last sentence of the statute may be read to require that the defendant disprove an element of the crime because of a statutory presumption. *State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977); *County Court of Ulster Cy. v. Allen,* 442 U.S. 140, 60 L. Ed. 2d 777, 99 S. Ct. 2213 (1979). We need not reach these questions, however, because we decide the statute is unconstitutional on other grounds.

The trial court ruled that the second sentence of the statute should have been stricken as unconstitutional for

the purposes of trial, but that trial could proceed on the basis of the first sentence. Since our decision on the basis of vagueness invalidates the entire statute, we reverse the trial court and remand the case with instructions to the trial court to dismiss the bail jumping charge.

WILLIAMS, C.J., and ROSELLINI, STAFFORD, UTTER, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., concur.