[No. 49688–9.   En Banc.   July 5, 1984.]

THE STATE OF WASHINGTON, *Appellant,* v. BYRON RICHMOND, *Respondent.*

*Curtis Ludwig, Prosecuting Attorney,* and *William R. Platts* and *David Needy, Deputies,* for appellant.

*Dennis J. De Felice,* for respondent.

UTTER, J.—The State filed this appeal asking for reversal of a trial court ruling that the criminal nonsupport statute, RCW 26.20.030(1)(b), is unconstitutionally vague. We agree with the trial judge that the statute is unconstitutionally vague under the due process clause of U.S. Const. amend. 14 because the "without lawful excuse" element has not been sufficiently clarified by statute or case authority. This holding is consistent with two recent rulings of this court which criticized the lack of constitutionally required precision in the words "lawful excuse." Accordingly, we affirm.

Respondent, Byron Richmond, was charged in Benton County Superior Court with willfully failing to support his children, in violation of RCW 26.20.030(1)(b). Respondent moved to dismiss the information on the ground that the absence of any statutory definition of the "without lawful excuse" element of the offense renders the statute unconstitutionally vague. The trial court agreed with respondent, declared the statute unconstitutional, and dismissed the prosecution. We accepted direct review.

■ Due process under U.S. Const. amend. 14 and Const. art. 1, § 3[1] requires that penal statutes be drawn with sufficient specificity so that persons of common understanding will be on notice of the activity prohibited by the statutes.

---

[1]Respondent has offered no argument why Const. art. 1, § 3 should be construed any differently than U.S. Const. amend. 14 in this case. Accordingly, we base our analysis upon federal due process principles as set forth by the Supreme Court and this court. *Petstel, Inc. v. County of King,* 77 Wn.2d 144, 153–54, 459 P.2d 937 (1969).

*Buckley v. Valeo,* 424 U.S. 1, 46 L. Ed. 2d 659, 96 S. Ct. 612 (1976); *Seattle v. Rice,* 93 Wn.2d 728, 612 P.2d 792 (1980). An equally important purpose of the doctrine is to guarantee that criminal convictions are not based on arbitrary or *ad hoc* determinations of criminality. *Kolender v. Lawson,* 461 U.S. 352, 75 L. Ed. 2d 903, 103 S. Ct. 1855 (1983); *Seattle v. Rice, supra.* Recently, however, the Supreme Court has stated that the most important purpose to be served by the vagueness doctrine is "the requirement that a legislature establish minimal guidelines to govern law enforcement." *Kolender,* at 358.

RCW 26.20.030 has contained the phrase, "without lawful excuse," since its enactment in 1913. The statute provides, in pertinent part:

(1) Every person who: . . .
(b) Wilfully omits, *without lawful excuse,* to furnish necessary food, clothing, shelter, or medical attendance for his or her child or stepchild . . . shall be guilty of the crime of family desertion or nonsupport.

(Italics ours.)

We recently considered this same phrase in the context of the bail jumping statute.[2] *See State v. Hilt,* 99 Wn.2d 452, 453, 662 P.2d 52 (1983). In holding that statute void for vagueness, we noted, where the phrase "lawful excuse" is undefined, "predicting its potential application would be a guess, at best." *Hilt,* at 455. Prior to our decision in *Hilt,* we had considered this phrase in *State v. White,* 97 Wn.2d 92, 96–101, 640 P.2d 1061 (1982). There, we found this undefined phrase fatal to the "obstructing a public servant" statute[3] because "a citizen who is being questioned must

---

[2]The bail jumping statute, RCW 9A.76.170, provided:

"Any person having been released by court order or admitted to bail with the requirement of a subsequent personal appearance before any court of this state, and who knowingly fails without lawful excuse to appear as required is guilty of bail jumping. Unless otherwise established, the failure to appear when required shall be inferred to have been without lawful excuse."

[3]The obstructing a public servant statute, RCW 9A.76.020, provides, in pertinent part:

necessarily guess as to whether his claim of privilege not to answer under the Fifth Amendment or pursuant to any other case or statutory exemption will be a 'lawful excuse'". *State v. White, supra* at 100. These concerns are no less valid in the context of this criminal nonsupport statute which provides no guidance to a parent regarding when his or her failure to provide support is unlawful.

▓▓ The State argues that RCW 26.20.030(1)(b) has been sufficiently defined by this court to survive a vagueness challenge. It bases its argument on *State v. Russell,* 73 Wn.2d 903, 442 P.2d 988 (1968); *State v. Ozanne,* 75 Wn.2d 546, 452 P.2d 745 (1969); and *State v. McCarty,* 76 Wn.2d 328, 456 P.2d 350 (1969), each of which interpreted RCW 26.20.030(1)(b). While it is well settled that a sufficiently specific prior judicial construction of a statute can save it from unconstitutional vagueness, *Kolender v. Lawson,* at 355 n.4; *Wainright v. Stone,* 414 U.S. 21, 22–23, 38 L. Ed. 2d 179, 94 S. Ct. 190 (1973), the cases cited by the State do not so specifically construe the "without lawful excuse" element of RCW 26.20.030(1)(b).

The courts in *Russell, Ozanne* and *McCarty* recognized that the statutory elements of "wilfully omits" and "without lawful excuse" are separate elements which the State is required to prove individually and that the requirement of willfulness is satisfied by mere proof of failure to provide support. *See* RCW 26.20.080.[4] Yet, they confused the "without lawful excuse" element by incorporating it into the presumption of willfulness under RCW 26.20.080 and simultaneously confused the element of "willfulness" by

"Obstructing a public servant. Every person who, (1) without lawful excuse shall refuse or knowingly fail to make or furnish any statement, report, or information lawfully required of him by a public servant, . . ."

[4]RCW 26.20.080 provides, in pertinent part:

"Proof of the abandonment or nonsupport of a spouse, or the desertion of a child or children, ward or wards, or the omission to furnish necessary food, clothing, shelter, or medical attendance for a child or children, ward or wards, is prima facie evidence that such abandonment or nonsupport, or omission to furnish food, clothing, shelter, or medical attendance is wilful."

importing into RCW 26.20.080 an additional requirement.

> When used in criminal statutes making nonsupport a penal offense, a willful act or omission thus *comprehends and imports an absence of lawful excuse or justification on the part of the accused parent.*
>
> Although the state has the burden of establishing willfulness as well as the absence of lawful excuse in a prosecution for the omission proscribed by RCW 26.20-.030(1)(b), *supra,* it meets that burden on a prima facie basis under the provisions of RCW 26.20.080, *supra,* when the evidence it presents reveals, directly or circumstantially, a failure on the part of a *physically* or *vocationally able* parent to furnish the requisites of support.

(Citations omitted. Italics ours.) *Russell,* at 908; *see also Ozanne,* at 550; *McCarty,* at 329–30.

Thus, these courts added to RCW 26.20.080 the requirement that defendant be "physically or vocationally able" to provide support, in order to compensate for their inclusion of the element of "without lawful excuse" into the statutory presumption. Similarly, these courts held that a showing that defendant possessed "a lawful excuse, including a physical, vocational or economic incapacity to furnish the elements of support delineated by RCW 26.20.030" was sufficient to defeat both the elements of "willfulness" and "without lawful excuse." *Russell,* at 908.

In *State v. Bauer,* 92 Wn.2d 162, 595 P.2d 544 (1979), the court clarified the confusion created by *Russell, Ozanne* and *McCarty.* At issue in *Bauer* was the constitutionality of the statutory presumption of willfulness under RCW 26.20-.080. In upholding the statute's validity, the *Bauer* court reaffirmed the *Russell* court's holding that the elements of "willful omission" and "without lawful excuse" are distinct and must each be satisfied in order to establish a prima facie case. Yet, in contrast to the holding in *Russell* and its progeny, the *Bauer* court held that the statutory presumption of RCW 26.20.080 goes only to the willfulness of defendant's behavior and that this element could only be rebutted by "a showing of the absence of a wilful state of mind." *Bauer,* at 166. The court stated, further, that RCW

26.20.080 does not

> create a presumption of the absence of lawful excuse by such proof. In order to make a prima facie case regarding this separate element of the crime, the State must introduce evidence that the accused parent is physically and vocationally able [to support his or her children]. Evidence of lawful excuse may be introduced by the accused as a matter of defense regarding this second element.

*Bauer,* at 166. The *Bauer* court never specified what lawful excuse defendant might offer in defense of this element.

Appellant argues that the *Russell* court set forth a sufficient definition of the "lawful excuses" defendant might offer and that this definition survives *Bauer.* We disagree on both points. *Russell* and its progeny interpreted and defined the elements of "wilfully omits" and "without lawful excuse" in the conjunctive. *Bauer* disapproved this interpretation when it held that these elements must each be separately proved and defended against.

Even were we to ignore the *Bauer* court's rejection of the prior court's interpretation of the statute, the *Russell* definition is not sufficiently specific to clarify the statute. In *Russell,* the court stated that the element of "without lawful excuse" could be rebutted by factors "*including* a physical, vocational or economic incapacity . . ." (Italics ours.) *Russell,* at 908. In *Ozanne,* the court suggested that emotional illness, if sufficiently proved, would also constitute a "lawful excuse." *Ozanne,* at 550. The indefinite tenor of the *Russell* court's definition and the creation in *Ozanne* of a possible new category of lawful excuse suggests that a potentially limitless variety of "lawful excuses" are available to defend against this element. Under this construction, potential defendants may violate the statute with the impression that their excuse is lawful, and only later find that it was not. Judges will be forced to decide what constitutes a lawful excuse on a case–by–case basis according to their personal predilections.

The several purposes of the vagueness doctrine are not served by the definition of a vague term if the definition

itself lacks specificity. *See Seattle v. Pullman,* 82 Wn.2d 794, 797, 514 P.2d 1059 (1973) (where a loitering ordinance was held void for vagueness even where an attempt at definition had been made). As in *Pullman,* the judicial construction of the element at issue is "not exhaustive and fail[s] to account for the many other possible [lawful excuses]. Thus, the proviso's presentation of a number of protected situations does not make sufficiently more precise the [statute's] language of prohibition." *Pullman,* at 799; *see also State v. Hilt, supra* at 454–55.

The Legislature has a duty to set forth statutes with specificity. Specific statutes provide notice to citizens of the conduct proscribed and protect them against the individual predilections of law enforcement officers. For over 100 years the Supreme Court has stressed the importance of legislative guidelines for law enforcement:

> "It would certainly be dangerous if the legislature could set a net large enough to catch all possible offenders, and leave it to the courts to step inside and say who could be rightfully detained, and who should be set at large. This would, to some extent, substitute the judicial for the legislative department of government."

*Kolender v. Lawson,* at 358 n.7, *quoting United States v. Reese,* 92 U.S. 214, 221, 23 L. Ed. 563 (1876). We have recently held phrases similar or identical to that before us here inherently vague, *see, e.g., State v. Hilt, supra; State v. White, supra; Seattle v. Rice, supra,* and have indicated that statutes containing such phrases require legislative attention. Because there is no statutory or case authority which specifies and delimits the "lawful excuses" which constitute a defense to the crime of criminal nonsupport, RCW 26.20.030(1)(b) is void for vagueness under U.S. Const. amend. 14.

The judgment is affirmed.

WILLIAMS, C.J., ROSELLINI, BRACHTENBACH, DORE, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.

DOLLIVER, J. (concurring)—While I concur, it is difficult

to believe defendant was confused or misinformed to the slightest degree as to whether he had a "lawful excuse" in his failure to support his minor children. Nonetheless, the analysis of the majority as to the current views of the court of the phrase "lawful excuse" is accurate. It is ironic, however, that the very language "without lawful excuse", which has acted as a shield to protect a parent from the harshness of the statute, *see State v. Bauer,* 92 Wn.2d 162, 595 P.2d 544 (1979); *State v. Ozanne,* 75 Wn.2d 546, 452 P.2d 745 (1969); *State v. Russell,* 73 Wn.2d 903, 442 P.2d 988 (1968), is now used by defendant as a sword to impugn its constitutionality.

DIMMICK, J., concurs with DOLLIVER, J.