Argued and submitted August 9, affirmed October 9, reconsideration denied November 8, petition for review denied December 17, 1985 (300 Or 451)

## STATE OF OREGON,
*Respondent,*

*v.*

## GARRELL LEON TIMMONS,
*Appellant.*

(J84-0451; CA A35001)

706 P2d 1018

Carla D. Thompson, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant asks us to reverse his conviction for criminal nonsupport, contending that the phrase "without lawful excuse" in the charging statute, ORS 163.555(1), is unconstitutionally vague. We affirm.

Defendant was charged in a two-count indictment with unlawfully and knowingly refusing and neglecting to support his children, during the three-year period "between February 8, 1981 and February 8, 1984." His demurrer, seeking to have the statute declared unconstitutional because of vagueness, was overruled by the trial court. Thereafter, a bargain was evidently struck, whereby the state would drop one of the counts "at the time of sentencing" and defendant would allow the other count to be tried to the court on stipulated facts. Defendant thereupon indicated that, "within the last couple of years, particularly in the third quarter of 1983," he had earned wages of $4,103.69, and that "in that time * * * made no support payments." That is the sum total of the evidence. The trial court then found defendant guilty on the one count and sentenced him to five years probation, on the conditions that he make restitution for support past due in the amount agreed on by the parties and pay current support as it fell due.[1]

ORS 163.555(1) provides:

"A person commits the crime of criminal nonsupport if, being the parent, lawful guardian or other person lawfully charged with the support of a child under 18 years of age, born in or out of wedlock, he refuses or neglects *without lawful excuse* to provide support for such child." (Emphasis supplied.)

Defendant argues that the phrase "without lawful excuse" is unconstitutionally vague. The crux of his argument is that the statute is invalid, because it in no manner defines "without legal excuse" and thus gives no guidance to a parent regarding when a refusal or neglect to provide support is forbidden.

■  While *acknowledging that the Oregon Constitution*

---

[1] In his other assignment of error, defendant complains about his sentence. We find no merit in his contention. *See State v. Dinkel,* 34 Or App 375, 579 P2d 245 (1978).

does not contain a Due Process Clause, defendant correctly asserts the applicability of the Fourteenth Amendment to the United States Constitution, in requiring that state criminal statutes must be sufficiently certain in describing the forbidden conduct.

Defendant relies heavily on a recent case in which a nonsupport statute worded similarly to ours was declared unconstitutionally vague. *State v. Richmond,* 102 Wash 2d 242, 683 P2d 1093 (1984). We are not persuaded by the court's analyis in *Richmond* and decline to follow it. Like one of the reluctant concurring judges in *Richmond,* we find it difficult to believe that the phrase "without lawful excuse" confuses or misleads defendants to the slightest degree as to their duty to support their minor children; we think it

> "* * * ironic * * * that the very language 'without lawful excuse,' which has acted as a shield to protect a parent from the harshness of the statute, * * * is now used by defendant as a sword to impugn its constitutionality." 102 Wash 2d at 249. (Dolliver, J., concurring; footnotes omitted.)

The Oregon Supreme Court found no vagueness in the phrase "without just or sufficient cause" in the predecessor of ORS 163.555. To the contrary, it held summarily in *State v. Bailey,* 115 Or 428, 433-34, 236 P 1053 (1925), that "just or sufficient cause," as used in *former* ORS 167.605 (*repealed by* Or Laws 1971, ch 743, § 432), was "well understood."

■■ Likewise, we find no vagueness in the phrase "without lawful excuse." It is commonly understood that a "lawful excuse" refers to some condition, not of the defendant's own making, which prevents the defendant from being able to provide support.[2] It is not necessary that a criminal statute define an offense with such exactitude that a defendant in every case can foretell with clockwork precision that a specific conduct will come within the statute's grasp. All that is required is "a reasonable degree of certainty." *See State v. Graves,* 299 Or 189, 700 P2d 244 (1985).

In a prosecution under ORS 163.555(1), the state must establish that the defendant acted "without lawful excuse" as an essential element of the charge. Here, the state

---

[2] *See People v. James,* 89 Ill App 3d 157, 44 Ill Dec 441, 411 NE2d 563 (1980), for an elaboration on this meaning.

satisfied its burden by proving that (1) there was a court mandate that defendant pay child support, (2) he had an ability to generate an income, and that, in fact, he had earned wages during the time period in question and (3) he had made no payment in any amount towards his child support obligation.

Affirmed.