Stephen TAYLOR, Appellant,

v.

STATE of Alaska, Appellee.

No. A–766.

Court of Appeals of Alaska.

Dec. 6, 1985.

William T. Ford, Anchorage, for appellant.

Jeffrey W. Cole, Asst. Atty. Gen., Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and SINGLETON and SHORTELL, JJ.[*]

## OPINION

BRYNER, Chief Judge.

Stephen Taylor was convicted, following a non-jury trial before District Court Judge William H. Fuld, of ten counts of criminal nonsupport. AS 11.51.120(a). Taylor appeals, challenging the sufficiency of the evidence at trial and arguing that the convictions were obtained in violation of his constitutional rights. Alternatively, Taylor contends that he could not properly be convicted of multiple counts. We affirm Taylor's conviction, but hold that the judgment against him must be modified to reflect conviction of only a single count.

The underlying circumstances are not in dispute. At the time of the offense, Taylor was divorced and had two children, who lived with their mother, Taylor's former wife. Taylor's divorce decree required him to pay a total of $450 per month for the support of his children. From April 1983 to March 1984, Taylor made only one support payment. The state charged Taylor with twelve counts of criminal nonsupport in violation of AS 11.51.120(a), one count for each month of missed payments. Two

---

[*] Shortell, Superior Court Judge, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

of the counts were eventually dismissed because the evidence indicated that Taylor's children had lived with Taylor during July and August of 1983. After a non-jury trial, Judge Fuld convicted Taylor of the ten remaining charges and sentenced him to concurrent terms of 180 days, with 140 days suspended.

Before reaching the merits of Taylor's claims, we must consider the statute under which he was convicted and determine its meaning. Alaska Statute 11.51.120 states, in relevant part:

> *Criminal Nonsupport.* (a) A person commits the crime of criminal nonsupport if, being a person legally charged with the support of a child under eighteen years of age, the person fails without lawful excuse to provide support for the child.
>
> (b) As used in this section "support" includes necessary food, care, clothing, shelter, medical attention, and education....

■ Although there is considerable disagreement between the parties as to the meaning of this statute, we believe the elements of criminal nonsupport can be discerned without undue difficulty. The major controversy between the parties centers on the statutory phrase "without lawful excuse." In context, however, we think that this language simply refers to the accused's financial ability to pay. Our reading of this statutory language does no more than follow sound precedent established by the Alaska Supreme Court in *Johansen v. State,* 491 P.2d 759, 766–69 (Alaska 1971). In interpreting identical language contained in former AS 11.35.010, the *Johansen* court concluded that, for purposes of civil contempt proceedings based on failure to make court-ordered child support payments, the existence of a "lawful excuse" should be equated with financial inability to pay. *Id.*

The appropriateness of relying on the decision in *Johansen* as a basis for determining, in this case, the meaning of "without lawful excuse" becomes clear from the legislative commentary accompanying the current criminal nonsupport statute. The commentary to AS 11.51.120 states, in relevant part:

> The nonsupport statute, a class A misdemeanor, is based on existing AS 11.35.-010....
>
> Like the existing statute, the code provision makes liability dependent on the absence of a "lawful excuse." Thus, a defendant may not be convicted under the statute for failure to provide support to his minor child if he is in fact financially unable to provide support and his poverty is non self-induced. *See Johansen v. State,* 491 P.2d 759 (Alaska 1971). The term "support" is defined in subsection (b) and is derived from existing AS 11.35.010(b).

Commentary on the Alaska Revised Criminal Code, Sen.J.Supp. No. 47 at 64–65, 1978 Sen.J. 1399.[1]

Thus, in keeping with *Johansen,* we interpret "without lawful excuse" to mean that the state is required to establish, as an element of criminal nonsupport under AS 11.51.120, that the accused had the financial ability to pay support—that is, that the accused either actually had funds available for payment of support or that he could have obtained such funds through reasonable efforts. *See Johansen v. State,* 491 P.2d at 769.[2]

---

**1.** This commentary was formally adopted by both houses of the Alaska legislature as the legislature's letter of intent for the revised criminal code. *See Juneby v. State,* 641 P.2d 823, 829–30 (Alaska App.1982), *modified on other grounds,* 665 P.2d 30 (Alaska App.1983).

**2.** One additional aspect of *Johansen* deserves comment. The *Johansen* court decided to allocate to the defendant the burden of proof on the issue of inability to pay. The court regarded the issue as an affirmative defense, which the defendant was required to establish by a preponderance of the evidence. *See Johansen v. State,* 491 P.2d at 766–67. The court reached this result, however, based in part on the civil nature of the contempt proceedings before it and in part on the relative advantages the defendant would have over the plaintiff/spouse in presenting evidence on this issue in a civil contempt case. In the present case, by contrast, the offense charged is clearly a criminal one. It is being prosecuted by the state and not by the

In addition to construing the phrase "without lawful excuse," we must determine the extent to which the word "support" encompasses post-divorce, court-ordered child support payments. The definition of "support" in AS 11.51.120(b) omits specific mention of court-ordered support payments. Again we believe *Johansen* to be dispositive. In *Johansen,* the supreme court was faced with essentially the same question under former AS 11.35.010, the forerunner to our current criminal non-support statute. The court resolved the question by reading the criminal non-support statute broadly, to include non-payment of court-ordered support:

> Although AS 11.35.010 does not specifically concern the duty to support minor children after divorce, we find that AS 11.35.010 includes a person's post-divorce obligation to support as well as the obligation which exists during marriage.

*Johansen v. State,* 491 P.2d at 762 n. 2.

For purposes of applying AS 11.51.120, we believe it appropriate to follow the holding in *Johansen.* We do not imply that "support," as defined in AS 11.51.120(b), is under all circumstances coextensive with the post-divorce obligation to make court-ordered child support payments. We hold, however, that in criminal nonsupport prosecutions under AS 11.51.120, proof of failure to make court-ordered support payments will, at the very least, suffice to establish a *prima facie* case of nonsupport.

We must, lastly, ascertain the appropriate level of criminal intent for the offense of criminal nonsupport. Because AS 11.51.120 is not designated as a strict liability offense and does not specify any culpable mental state, it is governed by AS 11.81.610(b):

> (b) Except as provided in AS 11.81.-600(b) [dealing with strict liability offenses] if a provision of law defining an offense does not prescribe a culpable mental state the culpable mental state that must be proved with respect to
> (1) conduct is "knowingly"; and
> (2) a circumstance or a result is "recklessly."

*See generally Neitzel v. State,* 655 P.2d 325, 331–34 (Alaska App.1982). Under AS 11.51.120(a), failure to provide support would be classified as conduct, while financial ability or inability to pay would be classified a surrounding circumstance. Thus, application of AS 11.81.600(b) leads to the conclusion that the offense of criminal nonsupport requires proof of a knowing failure to provide support, accompanied by a reckless disregard for ability to pay.

In summary, then, we construe AS 11.-51.120 to require proof of the following elements:

(1) That the accused was legally charged with the support of a child under eighteen years of age;

(2) That the accused failed to provide for the support of the child;

(3) That the accused's failure to provide support was knowing;

(4) That the accused's failure to provide support was without lawful excuse—in other words, that the accused either actually had the financial ability to provide support or that he could have had such actual ability through the exercise of reasonable efforts; and

(5) That the accused was actually aware of his financial ability to provide support or that he acted recklessly in his disregard of it.[3]

To this list of elements it is necessary to add only that, as we have already indicated,

---

accused's spouse. AS 11.51.120 clearly incorporates the lack of a "lawful excuse" as an element of the offense of criminal nonsupport. Had it desired to do so, the legislature could readily have designated inability to pay as a defense or as an affirmative defense. It did not do so. Under these circumstances, we believe the state must shoulder the burden of proving the ele-

ment of ability to pay and that this element must be proved beyond a reasonable doubt.

**3.** Appropriate definitions of "knowingly" and "recklessly" are set out in AS 11.81.900(a)(2) and (3). Under AS 11.81.610(c), "[if] acting recklessly suffices to establish an element [of an offense], that element is also established if a person acts intentionally or knowingly."

"support," as defined in AS 11.51.120(b), includes the post-divorce obligation to make court-ordered child support payments.

 Having interpreted the criminal nonsupport statute, we may now proceed to evaluate the specific claims advanced on appeal by Taylor. Taylor argues initially that AS 11.51.120(a) in effect shifted to him the burden of proving the lack of a lawful excuse for failure to pay, thereby violating his constitutional rights to due process and against self-incrimination.[4] We disagree. The criminal nonsupport statute, as we have construed it, did not require Taylor to prove the absence of a lawful excuse or to incriminate himself.[5] Our review of the record convinces us that the trial court neither misinformed nor misled Taylor concerning the meaning of the statute. In fact, District Court Judge Natalie K. Finn, who ruled upon Taylor's pretrial motions, construed AS 11.51.120 in precisely the same manner as we have construed it here. Judge Fuld, who tried Taylor's case, followed Judge Finn's interpretation.

 Taylor further contends that the term "without lawful excuse" is impermissibly vague, affording him insufficient notice of the precise conduct the criminal nonsupport statute purports to prohibit and thereby violating his right to due process.[6] However, we find that the statute, as construed, affords adequate notice of the conduct it prohibits, so that reasonable people need not guess at its meaning. In any event, Taylor's conduct in this case—failure to pay court-ordered support over a twelve-month period without any apparent effort to seek modification of the court's child support order—would clearly fall within the core of the prohibited conduct, as to which there would be little basis for disagreement.[7] Again, Taylor cannot credibly claim to have been misled by the trial court's interpretation or application of the statutory language, since that court's interpretation was in all respects compatible with ours.[8] Nor can Taylor credibly claim surprise at our interpretation of "without lawful excuse;" since, as we have held, this interpretation was clearly foreshadowed by the supreme court's decision in *Johansen* and by the official commentary to the Alaska Revised Criminal Code.

4. U.S. Const. amend. V and XIV; Alaska Const. art. 1, §§ 7 and 9.

5. Taylor relies on *Lowry v. State,* 671 S.W.2d 601 (Tex.App.1984). Given our interpretation of AS 11.51.120, however, *Lowry* is clearly distinguishable.

6. U.S. Const. amend. V and XIV; Alaska Const. art. 1, § 7.

7. *See Summers v. Anchorage,* 589 P.2d 863, 867–68 (Alaska 1979); *Stock v. State,* 526 P.2d 3, 8 (Alaska 1974). In contending that AS 11.51.120 is unconstitutionally vague, Taylor has relied on *State v. Richmond,* 102 Wash.2d 242, 683 P.2d 1093 (1984). The *Richmond* decision, however, is distinguishable, because, in *Richmond,* the court found nothing under Washington statutes or case authority to provide realistic guidance in attempting to define what would constitute a defense to the crime of criminal nonsupport. In the present case, we have found that prior case law and the legislative committee reports that accompanied the enactment of the revised criminal code provide ample guidance for definition of the statutory term "without lawful excuse." Taylor does not purport to argue that the concept of financial ability to pay is itself so imprecise as to be constitutionally impermissible. Nor would we be inclined to accept such an argument.

8. Taylor argues in part that the trial court's decision to restrict the phrase "without lawful excuse" to the issue of ability to pay precluded him from raising any defense other than financial inability. We disagree. While, under our interpretation, the term "lawful excuse" is limited, as a necessary element of the offense of criminal nonsupport, to the issue of financial ability to pay, it by no means follows that the accused in a criminal nonsupport action would be precluded from relying on any of the statutory defenses or affirmative defenses independently specified in the revised criminal code. *See generally* AS 11.81.300—AS 11.81.450. Thus, for example, a defendant charged with criminal nonsupport might rely on the defense of necessity, as provided for under AS 11.81.320 or on the defense of duress, under AS 11.81.440. Nothing in the statutory use of the phrase "without lawful excuse" or in our interpretation of that phrase would limit a defendant's ability to rely on other statutory defenses. Nor do we find anything in the record to support a conclusion that Taylor was precluded by the trial court from presenting evidence of any statutory defense or affirmative defense.

In addition to his constitutional claims, Taylor questions the sufficiency of the evidence to support his conviction. At trial, the state presented ample evidence from which an inference could be drawn that Taylor knew of and consciously disregarded his court-ordered obligation to pay $450 per month in child support. As we have already indicated, Taylor's failure to comply with the court's order for monthly child support payments constitutes at least *prima facie* evidence of failure to provide "support." The state proved, additionally, that during the one-year period covered by the charges, Taylor earned almost $42,000 in wages. We believe that this proof was sufficient to establish a *prima facie* case that Taylor had the financial ability to provide for the support of his children and that he was either actually aware of his ability to pay or reckless in his disregard of it. We hold that the evidence presented by the state was legally sufficient to support conviction.

Taylor's final claim on appeal is that he should not have been convicted of multiple counts of nonsupport. Taylor argues that the offense of criminal nonsupport is a continuing one and that it was therefore improper to charge him with a separate violation for each month in which he failed to make a support payment. On appeal, the state has conceded the unitary nature of the offense. Because Taylor's obligation to provide for the support of his children was a continuing one, we believe that the state's concession is well-founded. *See, e.g., Duncan v. State*, 282 Md. 385, 384 A.2d 456, 459 (1978).[9] Accordingly, we deem it necessary to remand this case with directions that the judgment be modified to reflect conviction on only a single count.

The conviction is AFFIRMED. This case is REMANDED for modification of the judgment as directed herein.

COATS, J., not participating.

---

**9.** The state has argued, despite its concession of error, that Taylor was in effect convicted of ten separate counts of criminal contempt of court, in violation of AS 09.50.010(5). Since criminal contempt would not be a continuing offense, the state suggests that we remand for modification of Taylor's judgments to reflect conviction of that offense. The state cites no authority to support the conclusion that such a modification would be proper. Even under the circumstances of this case, technical differences between the elements of criminal nonsupport and criminal contempt exist. We are unable to say with any degree of confidence that, had Taylor been charged with criminal contempt, he would not have had defenses available to him that were unavailable in the current case. Moreover, the fact that Taylor was convicted by the district court, while the child support order was issued by the superior court, raises a potential jurisdictional issue that the state has neglected to address in its brief. Under the circumstances, we believe the appropriate recourse is to remand for entry of judgment on one count. On remand, the state should be permitted to elect the count upon which judgment will be entered.